# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-165 consolidated with 03-1547


**EULA GUIDRY ARDOIN, ET AL.**

**VERSUS**

**STINE LUMBER COMPANY, INC., ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2001-004808
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## ELIZABETH A. PICKETT
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.


**REVERSED IN PART; AFFIRMED IN PART.**

**Jimmy Simien**
**Eulis Simien, Jr.**
**Mark Wayne Simien**
**Simien & Simien**
**8923 Bluebonnet Blvd., #200**
**Baton Rouge, LA 70809**
**(225) 769-8422**
**Counsel for Plaintiff/Appellee:**
    **Jason M. Broussard**
    **Jason M. Broussard, on behalf of a Putative Nationwide Class**
    **Eula Guidry Ardoin**

**Thomas M. Bergstedt**
**Bergstedt & Mount**
**1011 Lake Shore Dr., Ste. 200**
**Lake Charles, LA 70601**
**(337) 433-3004**
**Counsel for Defendant/Appellant:**
    **Arch Wood Protection, Inc.**
    **Osmose, Inc.**
    **Arch Chemicals, Inc.**

John Stanton Bradford
William Boyce Monk
Stockwell, Sievert, Viccellio, Clements & Shaddock, LLP
P. O. Box 2900
Lake Charles, LA 70602
(337) 436-9491
Counsel for Defendant/Appellant:
 Lowe's Home Center, Inc.
 Home Depot U.S.A., Inc.

Luther F. Cole
Attorney at Law
P. O. Box 4408
Baton Rouge, LA 70821-0000
Counsel for Plaintiff/Appellee:
 Jason M. Broussard
 Eula Guidry Ardoin
 Jason M. Broussard, on behalf of a Putative Nationwide Class

Scott Edward Delacroix
Jeffrey Edward Richardson
Adams and Reese
4500 One Shell Square
New Orleans, LA 70139-0000
(504) 581-3234
Counsel for Defendant/Appellant:
 Osmose, Inc.
 Arch Chemicals, Inc.
 Arch Wood Protection, Inc.

Mark Anthony Delphin
Delphin Law Firm
626 Broad St.
Lake Charles, LA 70601
(337) 439-3939
Counsel for Plaintiff/Appellee:
 Eula Guidry Ardoin
 Jason M. Broussard, on behalf of a Putative Nationwide Class
 Jason M. Broussard

Richard Charles Stanley
Stanley, Flanagan & Reuter
909 Poydras, Ste. 2500
New Orleans, LA 70112
(504) 523-1580
Counsel for Defendant/Appellant:
 Chemical Specialties, Inc.

Hugh Edward McNeely
Attorney at Law
8923 Bluebonnet Blvd, Ste. 200
Baton Rouge, LA 70810
(225) 769-8422
Counsel for Plaintiff/Appellee:
 Jason M. Broussard
 Eula Guidry Ardoin
 Jason M. Broussard, on behalf of a Putative Nationwide Class

**Jack C. Watson**
**Attorney at Law**
**692 Lakewood Dr.**
**Lake Charles, LA 70605**
**(337) 474-3074**
**Counsel for Plaintiff/Appellee:**
     **Jason M. Broussard**
     **Jason M. Broussard, on behalf of a Putative Nationwide Class**
     **Eula Guidry Ardoin**

**Bryan Charles Reuter**
**Jennifer Thornton**
**W. Raley Alford, III**
**Stanley, Flanagan & Reuter**
**909 Poydras, Ste. 2500**
**New Orleans, LA 70112**
**(504) 523-1580**
**Counsel for Defendant/Appellant:**
     **Chemical Specialties, Inc.**

**Robb W. Patryk**
**Nicholas Swerdloff**
**Renee C. Redman**
**Hughes Hubbard & Reed**
**One Battery Park Plaza**
**New York, NY 10004-1482**
**(212) 837-6000**
**Counsel for Defendant/Appellant:**
     **Chemical Specialties, Inc.**

**Robert L. Shuftan**
**David A. Kanter**
**Brent R. Austin**
**Attorneys at Law**
**225 W. Wacker Drive, 30th Fl**
**Chicago, IL 60606-1229**
**(312) 201-2000**
**Counsel for Defendant/Appellant:**
     **Osmose, Inc.**
       **Arch Chemicals, Inc.**
       **Arch Wood Protection, Inc.**

**John P. MacNaughton**
**Robert P. Alpert**
**1600 Atlanta Financial Center**
**3343 Peachtree Road, N.E.**
**Atlanta, GA 30326**
**(404) 233-7000**
**Counsel for Defendant/Appellant:**
     **Home Depot U.S.A., Inc.**

**Raymond A. Haas**
**Andrew J. Lewis**
**David W. Longley**
**Attorneys at Law**
**P. O. Box 1700**
**Tampa, FL 33601**
**(813) 253-5333**

**Counsel for Defendant/Appellant:**
Lowe's Home Center, Inc.

**Richard S. Lewis**
**James J. Pizzirusso**
**1100 New York Ave., N.W.**
**Suite 500, West Tower**
**Washington, DC 20005-3964**
**(202) 408-4600**
**Counsel for Plaintiff/Appellee:**
Eula Guidry Ardoin
Jason M. Broussard, on behalf of a Putative Nationwide Class
Jason M. Broussard

**James M. Papantonio**
**Mark J. Proctor**
**Frederick T. Kuykendall, III**
**James M. Messer**
**Troy A. Rafferty**
**Attorneys at Law**
**P. O. Box 12308**
**Pensacola, FL 32581**
**(850) 435-7000**
**Counsel for Plaintiff/Appellee:**
Eula Guidry Ardoin
Jason M. Broussard
Jason M. Broussard, on behalf of a Putative Nationwide Class

**Pickett, Judge.**

**FACTS**

This matter arises from a Petition for Damages filed by Eula Guidry Ardoin (the plaintiff) on September 25, 2001, in the Fourteenth Judicial District Court. In that Petition, the plaintiff claimed that in order to construct a wooden deck and ramp at her home, she purchased lumber from Stine Lumber Company and Griffith Lumber Company, Inc. The lumber was treated and/or manufactured with chromate copper arsenate (CCA) by L.L. Brewton Lumber Company, Inc. with chemicals manufactured or designed by Osmose, Inc. Plaintiff asserted that the defendants delivered non-conforming goods and failed to advise or disclose that the lumber she purchased was treated with CCA. Plaintiff claimed that an unknown quantity of the CCA chemicals leached into the soil of her backyard and formed residue on the surface of the deck and ramp. Plaintiff asserted that the soil was a threat to any person, plants or animals and, thus, the CCA treated wood rendered the products unsuitable for their intended purpose thereby breaching the implied warranty of suitability.

On October 25, 2001, Plaintiff's counsel filed a Motion to Appoint Plaintiffs as Class Representatives and to Appoint Steering Committee and Liaison Counsel. On that same day, the plaintiff filed a First Supplemental and Amending Petition for Damages wherein Jason M. Broussard was added as a plaintiff and the following new defendants: Home Depot U.S.A., Inc. (Home Depot), Lowe's Home Centers, Inc. (Lowe's), American Wood Preservers Institute (American Wood), Arch Wood Protection, Inc. (Arch Wood), Arch Chemicals, Inc. (Arch Chemicals), Chemical Specialties, Inc. (Chemical Specialties), Elder Wood Preserving Company (Elder Wood), Louisiana-Pacific Corporation (La Pacific), Universal Forest Products

(Universal), Koppers Industries, Inc. (Koppers), Wal-Mart Stores, Inc. (Wal-Mart) and Defendants XYZ 1-1000.

On November 12, 2001, the plaintiffs filed a Motion for Class Certification seeking to have the matter certified as a class action. On December 6, 2001, the plaintiffs filed a motion to voluntarily dismiss Wal-Mart without prejudice from the proceedings and a Second Supplemental and Amending Petition for Damages. Great Southern Wood Preserving, Inc. (GSWP) was added as a defendant. On December 17, 2001, Universal Forest filed a Notice of Removal asserting that the federal court had jurisdiction over the matter. The matter was removed to federal district court on December 18, 2001. On or about March 6, 2002, the matter was remanded back to the state district court.

Following the remand back to state district court, the parties filed numerous motions including several declinatory, dilatory and peremptory exceptions filed by the defendants in this matter.

On September 20, 2002, the state district court ordered that the matter be governed by Case Management Order Number 1 (CMO1) in order to facilitate the orderly, efficient, and expeditious disposition of the claims and appointed Kenneth Michael Wright as provisional Special Master (SM) to assist the court with matters leading up to the hearing on class certification. The Order listed the duties of the SM as: (1) to assist the court in resolving discovery disputes, (2) assist the court in ensuring compliance with the provisions of this CMO1, (3) reporting to the court on the readiness for the class certification hearing and (4) the SM may perform any special duties that are expressly ordered by the court or by agreement of the parties with the written consent of the parties to the SM being involved in that capacity. The

Order further stipulated that, after reviewing any matter, the SM would issue a Report and Recommendation and any party objecting to the Report and Recommendation could file a written objection within ten (10) days as provided for by La.R.S. 13:4165. Upon receipt of a written objection, the court would schedule a hearing to review the Report and Recommendation of the SM.

On November 21, 2002, the district court ordered the parties to deposit a total of $88,926.84 into the court's registry by December 20, 2002, for SM fees; assessing one-half to each party. On November 22, 2002, the district court implemented Case Management Order Number 2 (CMO2) which superceded CMO1.

On December 21, 2002, the district court granted the plaintiffs' Motion to Dismiss Brewton Lumber Co., Inc., Elder Wood Preserving Co., Louisiana-Pacific Corporation, Universal Forest Products, Great Southern Wood Preserving, Inc., Koppers Industries, Inc. and American Wood Preservers Institute as defendants. At this time the class was not certified.

On December 3, 2002, the plaintiffs filed their Fifth Supplemental and Amended Petition for Damages wherein Sheral LaVergne was substituted in place of Eula Guidry Ardoin as a class representative.

On December 5, 2002, the remaining defendants filed a Notice of Removal with the United States District Court for the Western District of Louisiana seeking to have the matter removed to federal district court based upon diversity jurisdiction. The SM and the district court received notice of the removal on that same date. The plaintiffs filed a Motion to Remand. The federal district court denied the plaintiffs' motion and the U.S. Court of Appeal for the Fifth Circuit denied the plaintiffs'

request to appeal the denial of their motion to remand. *See Ardoin v. Stine Lumber, Co.*, 02-2502, (W.D. La. //0).

On April 15, 2003, the SM filed an *ex parte* motion for the payment of his unbilled and unpaid fees, costs and expenses. On that same date, the district court signed an Order directing the parties to pay those fees, costs and expenses. On May 14, 2003, the defendants filed a Motion and Incorporated Memorandum in Support for Final Accounting and Clarification in response to the Orders issued by the district court on April 15. The motion contends among other things that: (1) the January 8, 2003 disbursement to the SM was incorrect for two reasons; overpayment, and he had already been paid, (2) the March 12, 2003 disbursement was incorrect, (3) the April 14, 2003 invoice of the SM is incorrect because it itemized work performed by the SM after the case was removed to federal court on December 5, and (4) although the district court ordered the parties to deposit $46,828.94 on April 14, only $19,997.21 was needed to satisfy the SM's invoices. Therefore, the defendants contended that the amounts ordered by the April 15 Orders exceed the amounts charged by the SM. On that same date, the district court granted the defendants Motion to Stay the Orders pending a final accounting and clarification of the fees and costs of the SM.

On May 22, 2003, the SM filed a Motion and Order to Partially Lift Stay. In that motion, the SM requested that the Stay be lifted as to the undisputed portion in the amount of $14,080.16. Pursuant to a stipulation of the parties, on June 6, 2003, the district court granted the SM's motion as to the undisputed portion, and ordered the defendants to submit a memorandum to the court within seven days of this order listing their objection to the remaining claims of the SM's fees and expenses.

On June 13, 2003, the defendants timely filed a Supplemental Memorandum in Support of Motion for a Final Accounting and Clarification and, on July 1, 2003, the defendants submitted a Supplemental Memorandum Regarding the June 23, 2003 Statement of the Special Master. In those memoranda, the defendants' objected to the SM's fees because 28 U.S.C. 1446(d) mandates that a "State court shall proceed no further unless and until the case is remanded." The defendants argued that the charges of the SM were improper because the case was removed on December 5, 2003, and has not been remanded. On July 15, 2003, the plaintiffs filed a memorandum in support of the SM's fees. The plaintiffs' argued that the post-removal activities of the SM were lawful, reasonable and in accordance with the ministerial duties required pursuant to CMO2. The plaintiffs' also asked that the defendants be cast with 100% of the costs incurred from the SM's time charges.

On October 17, 2003, the district court issued a Per Curiam and Judgment regarding the charges of the SM. In that judgment, the district court ruled that, "a state court retains the power to assess and collect costs after removal, and for such other ministerial tasks which do not go to the merits of a case that has been removed." The district court further ruled that, pursuant to 28 U.S.C. Section 1450, the SM's appointment remains in effect since there has been no order in the federal district court terminating his appointment. The district court ordered the parties to pay the disputed funds in the amount of $15,831.64 into the registry of the court, and taxed the sum as costs of the court. The district court assessed the plaintiffs with twenty-five percent and the defendants with seventy-five percent of the total court costs including the costs of the SM.

It is from this judgment that the defendants appeal.

## ASSIGNMENTS OF ERROR

The defendants set forth the following assignments of errors on appeal:

A.    The district court erred by ordering the Special Master to monitor the federal-court proceedings after this case had been removed and by assessing the parties with the costs of those unlawful post-removal activities.

B.    The district court's retroactive re-assessment of costs is an absolute nullity.

C.    Alternatively, the district court's retroactive re-assessment of costs was erroneous because no party had filed a motion requesting such relief, the court did not conduct a hearing on the issue, and the court did not give a factual basis for the re-assessment.

## DISCUSSION

In their first assignment of error, the appellants argue that the district court erred by ordering the Special Master to monitor the federal court proceedings after this case had been removed and in assessing the parties with the costs of those unlawful post-removal activities. The appellants contend that the federal removal statute, 28 U.S.C. § 1446(d), supports their argument. That statute provides as follows:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and *the State court shall proceed no further unless and until the case is remanded*.

In its per curiam, the district court noted:

> The United States Sixth Circuit Court of Appeals in *Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687 (6th Cir.1999) determined that the intention of Congress when it drafted 28 U.S.C. § 1446(d) would paralyze a state court from taking ministerial steps that do not affect the adjudication of the parties' dispute. The Sixth Circuit concluded that the state court would not be able to recoup pre-removal costs outside of billing a party directly, because the collection of state court costs are outside the federal court's power. Thus, a state court retains the power to assess and collect costs after removal, and for such

6

other ministerial for ministerial (sic) tasks which do not go to the merits of a case that has been removed. The Court finds this case persuasive and applicable herein.

In addition, all orders of the state court remain in full force and effect until dissolved or modified by the Federal District Court. 28 U.S.C. § 1450, third paragraph. Such orders remain binding on the parties. The Special Master's appointment remains in effect since there has been no order in the Federal District Court terminating his appointment. Thus, State Court has the discretionary authority to award appropriate fees and expenses for ministerial tasks performed for this court.

This court has analyzed and reviewed the briefs of all parties and the post removal billings of the Special Master and finds that the fees charged and expenses and costs incurred were for ministerial duties and finds that this Court has the authority to assess such fees (sic) expenses and changes (sic) as court costs and does so. The post removal activity was a result of the Court's request to the Special Master to monitor the proceedings, since this matter had been removed and remanded previously and anticipated return to State Court since the Federal System has seen fir (sic) to sustain the removal ....

Upon reviewing the *Lawrence* case, we find that assessing and collecting court costs does not constitute "proceeding further" under 28 U.S.C. § 1446(d) because that is considered a ministerial act that does not affect the merits of the dispute between the parties. In the instant case, however, the issue is not whether the district court had the authority to assess and collect costs but whether the tasks that the district court ordered the SM to perform on its behalf, *after the removal*, constitute ministerial acts such that the costs, and expenses assessed were proper.

The defendants argue that the district court's reading of *Lawrence* was fundamentally incorrect because *Lawrence* held only that 28 U.S.C. § 1446(d) does not prohibit a state court from assessing costs that accrued *pre-removal*. The defendants note that none of the costs at issue in the *Lawrence* case were incurred after the state court had been divested of subject matter jurisdiction. In contrast, in the instant case, the district court authorized the SM to monitor the federal

7

proceedings and then assessed costs for the SM's *post-removal* activities. Defendants argue that such activities are certainly not the type of "ministerial steps" that the *Lawrence* court had in mind. We agree.

The intent of 28 U.S.C.A. § 1446 is to prevent state and federal courts from sharing jurisdiction over a case and thus avoid jurisdictional conflicts. Therefore, Louisiana courts are divested of jurisdiction once the requirements of the federal removal statute have been met. *Kaplan v. Missouri Pacific Railroad Company*, 447 So.2d 489 (La.App. 3 Cir.), *writ. denied*, 449 So.2d 1345 (La.1984). As a general rule, any action taken by a court without proper subject-matter jurisdiction is an absolute nullity. *Bryant v. Pierson*, 583 So.2d 97 (La.App. 3 Cir.1991); La.Code Civ.P. art. 2002.

We agree that the SM's appointment was still in effect because the federal district court had not terminated his appointment. The facts in the record, however, clearly show that the SM duties, pursuant to CMO1 and CMO2, were limited to assisting the district court with matters leading up to the hearing on class certification. This specifically entailed assisting the district court in resolving discovery disputes, ensuring that the parties complied with CMO1, and reporting to the district court on the readiness for the class certification hearing. In addition, CMO1 provided that the SM could perform any special duties that were expressly ordered by the court or by agreement of the parties with the written consent of the parties to the SM being involved in that capacity.

The monitoring of federal proceedings is not a duty provided for in CMO1 and, although the district court expressly ordered the SM to perform this task, the record

does not reflect that the parties gave written consent to the SM being involved in that capacity.

We will discuss the defendants' second and third assignments of error together, as they are interrelated. The defendants argue that the district court's retroactive re-assessment of costs is an absolute nullity. Alternatively, the defendants assert that the district court's retroactive re-assessment of costs was erroneous because no party had filed a motion requesting such relief, the court did not conduct a hearing on the issue, and the court did not give a factual basis for the re-assessment.

Over the course of, and in connection with the pre-certification, the district court ordered the parties to deposit $143,345.84 into the court's registry, of which, $138,233.93 was distributed to the SM. Each time the district court disbursed monies to the SM it taxed the matter as costs of the court and assessed one-half to the plaintiffs and one-half to the defendants. The district court reserved the right to revise future assessments

Defendants contend that no party filed a motion requesting reassessment of costs in this matter. We note, however, that the defendants requested a final reconciliation of the amounts contributed by each to the SM's costs in their Motion for Final Accounting and Clarification. In response, the plaintiffs, in their memorandum filed on July 15, 2003, asked that the defendants be cast with 100% of costs incurred from the SM's time charges. The matter was submitted on briefs by agreement of the SM and the defendants.

In its per curiam, the district court stated that:

> Its Case Management Order established an initial allocation of 50% to the Defendants subject to review of the court at a later date for reallocation if the facts warranted.

. . . .

In its previous orders the allocating costs of one-half to plaintiffs and one-half to defendants this Court reserved the right to revise the allocations. This Court has analyzed the cooperation of both the defendants and the plaintiffs, the discovery facilitation by the parties and other factors and has determined that the previous assessment of court costs should be revised to reflect more reasonable and accurate assessment of each parties responsibility for court costs. After carefully evaluating the amount of time and effort that was required by the Court on behalf of the plaintiffs and the defendants this court finds that the Special Master costs assessed as court costs and all other Court costs should be reassessed. (This assessment was reserved by the Court as per transcripts of numerous hearings in preparation of the ultimate certification determination.)

The district court then went on to order the parties to pay into the registry of the court the disputed funds, assessing each party a one-half share. In its judgment, the district court assessed the plaintiffs with 25% and the defendants with 75% of the total court costs including the costs of the SM.

We find no error in the reassessment of the costs by the trial court. The assessment of costs was subject to review by the court, and although there was no formal hearing, the matter was submitted on briefs by agreement of the parties. The court did recite its considerations in assessing the costs and we find no error in its reasoning. This assignment of error is without merit.

## DECREE

The judgment of the trial court assessing the parties with costs in the amount of $15,831.64 for activities performed by the SM subsequent to the filing of the Notice of Removal is reversed. The judgment of the trial court is affirmed in all other respects. Costs of this appeal are to be divided equally between the parties.

**REVERSED IN PART; AFFIRMED IN PART**