CARAWAY, J.
 

 | ¿The trial court dismissed appellant’s action to annul a judgment after granting the appellee’s exception of no cause of action. Finding that the appellant’s petition stated a cause of action that the judgment was obtained by “ill practice” as provided in La. C.C.P. art.2004, we reverse the trial court’s ruling and remand.
 

 Facts
 

 On December 16, 2009, T & M Fence Company, Inc. (“T & M”), filed a Petition to Annul Judgment, naming as defendant The Cadle Company (hereinafter “Cadle”). The initial sentence of the petition lists Jeremiah Thomas as president of Cadle and the party presenting the claim. Nevertheless, the first numbered paragraph, like the suit caption, identifies T & M as the petitioner. The petition then makes the following allegations:
 

 3.
 

 On April 23, 2009 Cadle Company obtained a judgment Pro Confesso against the garnishee, T & M Company, Inc. under docket number 519,325 of this Honorable Court.
 

 JLsf
 

 The Judgment Debtor Frederick V. Henson had filed for protection under Chapter 7 of the U.S. Bankruptcy Code on March 3, 2009 in the Western District of Louisiana Petition Number 09-10652.
 

 5.
 

 Service of the Rule and Citations against the Garnishee were served on T & M Company, Inc. through the judgment debtor
 
 [1]
 
 ... its registered agent.
 

 6.
 

 Petitioner does not have any property of the debtor.
 

 [[Image here]]
 

 11.
 

 Petitioner further shows that he at no time received actual notice of the pen-dency of the above action nor was he at any time legally cited therein, and that,
 
 *461
 
 therefore, this honorable court was without jurisdiction ratione personae to render judgment herein.
 

 This petition was filed not as a separate nullity action, but lodged in the same suit record as Cadle’s action to make executory a Texas judgment against Henson. In the prior suit, numbered 519,325, Cadle instituted garnishment proceedings which ultimately led to a judgment
 
 pro confesso
 
 rendered on April 13, 2009, in favor of Cadle and against garnishee, T & M for the principal sum of $73,193, together with interest thereon at a rate of ten percent (10%) per annum (hereinafter the
 
 “Pro Confesso
 
 Judgment”).
 

 On January 8, 2010, Cadle filed an exception of no cause of action to T & M’s claim for nullity. It asserted proper service was made on T & M’s ^registered agent, Henson, in the garnishment action and argued that there was no violation of the federal bankruptcy stay under 11 U.S.C. § 362.
 

 At a very brief hearing on the exception, counsel for T & M made the following argument relative to its annulment petition:
 

 [T]he agent for service of process in this case was Frederick Henson and he was also the debtor so what happened was the debtor and the agent for service of process became merged and T.M. Fence Company never received actual — well, the President of T.M. Fence Company never knew about the proceedings even though under the law T.M. Fence Company was served by the agent for service of process. That’s the basis of my petition to annul the judgment.
 

 The district judge who previously rendered the judgment
 
 pro confesso
 
 sustained Cadle’s exception of no cause of action. In the written judgment, rendered March 17, 2010, the trial court offered the following reasons, which are contained in a footnote:
 

 Federal law does not stay every action to which a bankrupt entity is a party; it only stays actions against the debtor or against property of the bankruptcy estate. In this matter the rule for judgment pro confesso is not an action against the debtor; rather it is against T & M Fence Company, Inc. Its lack of response led to further action. The claim that the automatic stay .would prevent Cadle from pursuing T & M states no cause of action. Finally, the rule was properly served on the agent and notice was thereafter properly provided to the agent. The exceptions of no cause of action have merit.
 

 From this judgment, T & M appeals.
 

 Applicable Legal Principles
 

 |SA peremptory exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition.
 
 Birdsong v. Hirsch Memorial Coliseum,
 
 42,316 (La.App.2d Cir.8/22/07), 963 So.2d 1095. The exception is triable on the face of the petition and the facts pled are to be accepted as true.
 
 Industrial Companies, Inc. v. Durbin,
 
 02-0665 (La.1/28/03), 837 So.2d 1207. In reviewing a trial court’s ruling sustaining an exception of no cause of action, this court reviews the case
 
 de novo
 
 because the exception raises a question of law, and the lower court’s decision is based only on the sufficiency of the petition.
 
 Cleco Corp. v. Johnson,
 
 01-0175 (La.9/18/01), 795 So.2d 302. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which entitle him to relief.
 
 Fink v. Bryant,
 
 01-0987 (La.11/28/01), 801 So.2d 346. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency
 
 *462
 
 and affording the plaintiff the opportunity of presenting evidence at trial.
 
 Industrial Companies, Inc. v. Durbin, supra; Jackson v. State ex rel. Dept. of Corrections,
 
 00-2882 (La.5/15/01), 785 So.2d 803.
 

 A final judgment may be annulled for either a vice of substance or form. La. C.C.P. art.2001. The purpose of the action for nullity is to prevent ^injustice which cannot be corrected through new trial and appeals.
 
 Gladstone v. American Auto. Ass’n, Inc.,
 
 419 So.2d 1219 (La.1982). Judgments can be attacked at any time on grounds that they are absolutely null under the exclusive provisions of La. C.C.P. art.2002 (vices of form that sound of due process violations), or relatively null as provided by La. C.C.P. art.2004 (vices of substance that sound in fraud or ill practice).
 
 Knox v. West Baton Rouge Credit, Inc.,
 
 08-1818 (La.App. 1st Cir.3/27/09), 9 So.3d 1020. A judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed. La. C.C.P. art.2005.
 

 Article 2004 of the Code of Civil Procedure allows a judgment to be amended when obtained by “fraud or ill practice.” Louisiana jurisprudence sets forth two criteria to determine whether a judgment has been rendered through fraud or ill practices: (1) whether circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief; and (2) whether the enforcement of the judgment would be unconscionable or inequitable.
 
 Johnson v. Jones-Journet,
 
 320 So.2d 533 (La.1975);
 
 Wright v. Louisiana Power & Light,
 
 06-1181 (La.3/9/07), 951 So.2d 1058. This article is not limited to cases of actual fraud or wrongdoing, but is sufficiently broad enough to encompass all situations wherein a judgment is rendered through some improper practice or 17procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.
 
 Kem Search, Inc. v. Sheffield,
 
 434 So.2d 1067 (La.1983);
 
 Power Marketing Direct, Inc. v. Foster,
 
 05-2023 (La.9/6/06), 938 So.2d 662;
 
 Belle Pass Terminal, Inc. v. Jolin, Inc.,
 
 01-0149 (La.10/16/01), 800 So.2d 762;
 
 Campbell v. Select Car Co.,
 
 38,443 (La.App.2d Cir. 5/12/04), 874 So.2d 391,
 
 writ denied,
 
 04-1747 (La.10/15/04), 883 So.2d 1057.
 

 The Louisiana Supreme Court in
 
 Wright v. Louisiana Power & Light, supra,
 
 examined the evolution and meaning of the phrase “deprivation of legal rights” in the nullity context:
 

 The court in
 
 Kem Search
 
 defined ‘deprivation of legal rights’ as ‘[cjonduct which prevents an opposing party from having an opportunity to appear or to assert a defense.’
 
 Id.
 
 The definition was further expanded in
 
 Belle Pass,
 
 which held that ‘a right to a fair and impartial trial is a legal right entitled to all participants in a legal proceeding.’ 800 So.2d at 767.
 

 Kem Search, supra, Power Marketing, supra,
 
 and
 
 Russell v. Illinois Central Gulf R.R.,
 
 96-2649 (La.1/10/97), 686 So.2d 817, all involved improper notice in the default setting.
 

 La. C.C.P. art.2002, provides, in pertinent part, as follows:
 

 A. A final judgment shall be annulled if it is rendered:
 

 [[Image here]]
 

 |s(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
 

 (3) By a court which does not have jurisdiction over the subject matter of this suit.
 

 
 *463
 
 As a general rule, any action taken by a court without proper subject matter jurisdiction is an absolute nullity.
 
 Ardoin v. Stine Lumber Co.,
 
 03-1547 (La.App. 3d Cir.9/29/04), 885 So.2d 43. When the basis for the nullity action is the court’s lack of jurisdiction over the subject matter, it may be raised at any time and by any party whose interests are adversely affected.
 
 Home Distribution, Inc. v. Dollar Amusement, Inc.,
 
 98-1692 (La.App. 1st Cir.9/24/99), 754 So.2d 1057.
 

 11 U.S.C. § 362(a) provides in relevant part:
 

 Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
 

 [[Image here]]
 

 (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
 

 (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.
 

 The automatic stay directly prohibits the “continuation” of any judicial action against the debtor or any act to collect any debt which arose prior to |9the bankruptcy.
 
 Elder v. City of Thomasville (In re Elder),
 
 12 B.R. 491 (Bankr.M.D.Ga.1981). Clearly, a garnishment proceeding is a judicial action against the debtor and is stayed by 11 U.S.C. § 362.
 
 In re Mims,
 
 209 B.R. 746 (Bankr.M.D.Fla.1997). However, a garnishment action is unique insofar as it requires affirmative action to comply with the requirements of the automatic stay. The creditor and its agents, including its attorney, have an affirmative duty to stop the garnishment proceeding.
 
 Id.
 

 In the case of
 
 In re Phoenix Associates Land Syndicate, Inc.,
 
 2010 WL 3945538 (Bankr.E.D.La.2010), the Louisiana Eastern District Bankruptcy Court vacated a Louisiana judgment
 
 pro confesso
 
 where the debtor filed for bankruptcy before the garnishee responded to garnishment interrogatories.
 
 [2]
 
 The court held that in order for a creditor to continue to pursue a garnishment proceeding after bankruptcy of the judgment debtor, the garnishee must become “independently liable” before the bankruptcy is filed.
 
 Id.
 

 This court had occasion to review the process for a judgment
 
 pro confesso
 
 in
 
 Economy Fire & Cas. Co. v. Swaney,
 
 33,-950 (La.App.2d Cir.10/4/00), 768 So.2d 822,
 
 writ denied,
 
 00-3045 (La.1/5/01), 778 So.2d 601. In that case, the employer, Falcon Crane and Equipment Company, Inc., failed to respond to garnishment interrogatories within the fifteen day |instatutory mandate. Falcon, who subsequently submitted answers admitting the debtor’s employment and attaching copies of paychecks and pay stubs, appeared at the hearing for the judgment
 
 pro confesso.
 
 After hearing testimony, the trial court ruled that “Falcon has failed to prove the extent of its liability” and “has failed to rebut plaintiffs prima facie case.” Falcon was then held personally liable for the entirety of the debt. This court reversed the decision, finding that the personal judgment
 
 pro confesso,
 
 awarded under 2413(A), was inappropriate, reasoning:
 

 Upon the adoption of the Code of Civil Procedure and the enactment of Article 2413, the seizing creditor’s right to obtain an ex parte judgment
 
 pro confesso
 
 
 *464
 
 against the non-responsive garnishee ended. Comment (a), La. C.C.P. art. 2413.
 

 [[Image here]]
 

 [T]he code requires a contradictory hearing with notice to the non-responsive garnishee to appear. La. C.C.P. art. 2594. If, as a result of the garnishee’s prior default, judgment is already confessed and conclusive with nothing left to be contradictorily tried, the garnishee’s appearance at the hearing and the filing of his answers before judgment would be useless acts. Instead, similar to a defendant’s answer filed at the confirmation hearing for a default judgment, the garnishee’s answer and appearance on the date of the contradictory hearing with some supporting proof of his answers should prevent a personal judgment
 
 pro confesso.
 

 Id.
 
 at 824-826.
 

 Discussion
 

 The
 
 Pro Confesso
 
 Judgment against T & M as garnishee was not appealed and was a final judgment in December 2009 when T & M’s ln“Petition to Annul Judgment” was filed. As shown above, a party may raise by appeal the nullity of a judgment within the action in which the judgment was rendered if appellate delays have not
 
 run.
 
 Otherwise, a separate action of nullity may be filed. Despite T & M’s erroneous printing of the prior suit number, No. 519,325, in the caption for its petition, the December 2009 petition represents a separate ordinary proceeding.
 

 When viewed in that posture and not as a continuation of the prior garnishment action, Cadle’s exception of no cause of action must be adjudicated solely on the basis of the allegations of T & M’s “Petition to Annul Judgment.” The service documents and returns of the prior garnishment action were not before the trial court. T & M’s allegation that Jeremiah Thomas as president of the company did not receive notification of the pendency of the prior garnishment from the judgment debtor, Henson, has not been considered by a trier-of-fact. The exception of no cause of action asks simply whether a cause of action is presented on the face of the petition. Since we find that the petition states grounds for the nullity of the Pro
 
 Confesso
 
 Judgment, we reverse the trial court’s granting of the exception of no cause of action.
 

 The jurisprudence regarding “ill practices” indicates that T & M has presented a cause of action for nullification of the judgment. The “ill | ^practice” of Cadle need not be shown to have been its deliberate act, if the mode of service in this unique case operated, even innocently, to deprive proper notice to T & M. A judgment debtor who remains delinquent in payment of his adjudicated obligation might be expected to be less than forthcoming about that debt and the garnishment proceedings aimed at a company for which he is serving as the agent for service of process. The judgment creditor’s knowledge of this conflicted predicament of the agent with his principal is clear. In this case, T & M’s petition alleges that notice of the garnishment proceeding was not properly received by the company’s president from Henson. That allegation is worthy of further review by evidentiary proceedings in view of the harsh consequences of the judgment
 
 pro confesso
 
 against a party caught by default for the judgment debtor/agent’s actions. A cause of action for nullification for a possible “ill practice” has been alleged.
 

 Moreover, from the review of the bankruptcy law, the law regarding judgments
 
 pro confesso,
 
 and the allegations of the petition, the judgment debtor’s bankruptcy
 
 *465
 
 allegedly occurred before the contradictory hearing pursuant to La. C.C.P. art. 2413 was held. Therefore, at that stage of the garnishment proceedings, the garnishee, T & M, had not yet been adjudicated as personally liable for the debt of the judgment debtor, Henson. Under |1sArticle 2413(B), T
 
 &
 
 M could still deliver the property of Henson to the state court or prove that T & M never had any property of Henson. The action (contradictory hearing) for a
 
 pro confesso
 
 judgment therefore remained an action against the property of the judgment debtor because the delinquent garnishee could deliver that property to the court and never incur a personal judgment. Such action still involved the debtor’s property and was an action against the bankruptcy estate in violation of the stay. Thus, T & M’s allegations regarding the creditor’s violation of the automatic stay after the initiation of the bankruptcy proceedings may present a viable claim for nullity of the
 
 Pro Confesso
 
 Judgment under La. C.C.P. art. 2002(A)(3), or at a minimum, provide further support for the claim of “ill practice” in Cadle’s obtaining of the
 
 Pro Confesso
 
 Judgment.
 

 Conclusion
 

 The trial court’s grant of the exception of no cause of action is reversed and the case remanded. Costs of appeal are assessed to appellee.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . T & M erroneously lists in paragraph 5 the judgment debtor as "T & M Fence Company.” As previously indicated in paragraph 4 of the petition, however, the judgment debtor is Frederick V. Henson, who was T & M’s agent for service of process.
 

 [2]
 

 . The 15-day period the garnishee had to respond under La. C.C.P. art. 2412(D) had not yet lapsed.