GASKINS, J.
hThe plaintiffs, Nakisha Credit, individually and on behalf of Adrienne Breana Howard, Kaylin Howard, and Kevin Credit, Jr., appeal from a trial court judgment finding that they have no cause of action against certain employees of the Richland Parish School Board arising from the death of Adrienne Breana Howard. For the following reasons, we reverse the trial court judgment and remand for further proceedings.
FACTS
In 2009, Adrienne Breana Howard (“Breana”) had been involved in an ongo *863 ing dispute with Courtney McClain (“Courtney”), who was apparently another student at Rayville High School. At the time of the incident discussed below, Brea-na had been expelled from Rayville High School and was attending the Richland Career Center at Archibald. On December 14, 2009, Breana was dropped off by a school bus at the rear of Rayville High School and began to walk home. According to the plaintiffs, LeBaron Sledge instigated a fight between Breana and Courtney. The fight began on a sidewalk at the rear of the school near the school bus zone. The plaintiffs allege that during the fight, Courtney pushed Breana off the sidewalk into the path of an oncoming Richland Parish School bus driven by Samuel G. Hesser. Breana was run over by the bus and died of her injuries. The plaintiffs contend that Kaylin Howard and Kevin Credit, Jr., Breana’s younger half-siblings, were on a bus immediately in front of the bus that struck Breana. Their bus was stopped and the passengers disembarked. The plaintiffs claim that Kaylin and Kevin Jr. witnessed the horrific injuries and death of their sister.
pNakisha Credit, mother of Breana, brings this suit individually and on behalf of Breana, Kaylin Howard, and Kevin Credit Jr., asserting her individual claim for wrongful death and survival damages and for the siblings’ Lejeune damages arising from Breana’s death.[1] Defendants are the Richland Parish School Board; State Farm Mutual Automobile Insurance Company (“State Farm”), the insurer of the school board; Cathy Stockton, superintendent of the Richland Parish School Board; Georgia Ineichen, principal of Rayville High School; Larry Wright, Sr., vice-principal of Rayville High School; Samuel G. Hesser, driver of the bus that struck Brea-na; XYZ duty teachers; Gail McClain as the mother of Courtney McClain; and Amy Doe as mother of LeBaron Sledge.[2]
The plaintiffs argued that the defendants were negligent in numerous ways, including the failure to supervise, failure to timely respond to the fight, and failure to adequately staff the bus area with teachers or school personnel. The plaintiffs alleged that Samuel G. Hesser saw or should have seen the fight and yet continued to operate the bus near the fight without regard to the safety of the children in the school bus zone. According to the plaintiffs, the mother of LeBaron Sledge was liable for her son’s role in instigating the fight and Gail McClain was liable as the mother of Courtney ] sMcClain for her daughter’s action in allegedly pushing Breana into the path of the bus.
Before us on appeal are exceptions of no cause of action filed by Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., Samuel G. Hesser, and XYZ duty teachers. These defendants asserted that the plaintiffs have no cause of action against school board employees in their individual capacities under La. R.S. 17:439. That statute provides that “Except as otherwise provided in this Section, no person shall have a cause of action against any school employee based on any statement made or action taken by the school employee provided *864 that the action or statement was within the course and scope of the school employee’s duties as defined by the school board in which the school employee is employed and was within the specific guidelines for school employee behavior as established by that school board.”
The trial court granted the exception of no cause of action as to Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., and XYZ duty teachers, dismissing those parties at the plaintiffs’ cost, based upon La. R.S. 17:439. Regarding Samuel Hesser, the school bus driver, the trial court noted that La. R.S. 17:439(D) states that the provision does not apply to a school employee operating a motor vehicle to the extent that liability for such negligence is covered by insurance or self-insurance. The trial court found that the plaintiffs do not have a cause of action against Mr. Hesser in his individual capacity, but they do have a direct action against the bus driver’s insurer to the extent of any insurance.
l4The plaintiffs appealed the granting of the exception of no cause of action dismissing their claims against Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., Samuel G. Hesser, and XYZ duty teachers.
NO CAUSE OF ACTION AGAINST SCHOOL BOARD EMPLOYEES
The plaintiffs argue that the trial court erred in finding that they have no cause of action against individual parish school board employees for omissions under the language of La. R.S. 17:439 as compared to the language of La. R.S. 17:416.4, and that the trial court erred in its interpretation of these statutes. This argument has merit.
Legal Principles
A “cause of action,” when used in the context of the peremptory exception of no cause of action, refers to the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant. White v. St. Elizabeth B.C. Board of Directors, 45,213 (La.App.2d Cir.6/2/10), 37 So.3d 1139. A peremptory exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. The exception is triable on the face of the petition and the facts pled are to be accepted as true. Cadle Company v. Henson, 45,978 (La.App.2d Cir.1/26/11), 57 So.3d 458, 2011 WL 228599. All doubts are resolved in favor of sufficiency of the petition so as to afford litigants their day in court. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Foti v. Holliday, 2009-0093 (La.10/30/09), 27 So.3d 813.
|,Jn reviewing a trial court’s ruling sustaining an exception of no cause of action, this court reviews the case de novo because the exception raises a question of law and the lower court’s decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which entitles him to relief. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Cadle Company v. Henson, supra.
Legislation is the solemn expression of legislative will, and therefore, the interpretation of a law involves primarily the search for the legislature’s intent. La. C.C. art. 2; Gannett River States Publishing Corporation v. Monroe City School Board, 44,231 (La.App.2d Cir.4/8/09), 8 So.3d 833, writ denied, 2009-1029 (La.6/19/09), 10 So.3d 745. The rules for statutory construction are set forth in *865 SWAT 24 Shreveport Bossier, Inc. v. Bond, 2000-1695 (La.6/29/01), 808 So.2d 294:
The fundamental question in all cases of statutory construction is legislative intent and the reasons that prompted the legislature to enact the law. Succession of Boyter, 99-0761, p. 9 (La.1/7/00), 756 So.2d 1122, 1128. When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. La. C.C. art. 9; La. R.S. 1:4. However, when a law is susceptible of different meanings, “it must be interpreted as having the meaning that best conforms to the purpose of the law.” La. C.C. art. 10.
The meaning and intent of a law is determined by considering the law in its entirety and all other laws concerning the same ^subject matter and construing the provision in a manner that is consistent with the express terms of the statute and with the obvious intent of the lawmaker in enacting it. Boyter, 99-0761 at 9, 756 So.2d at 1129; [Stogner v. Stogner, 98-3044] at p. 5 [ (La.7/7/99), 739 So.2d 762] at 766. The statute must therefore be applied and interpreted in a manner that is logical and consistent with the presumed fair purpose and intention the legislature had in enacting it. Boyter, 99-0761 at 9, 756 So.2d at 1129. Courts should give effect to all parts of a statute and should not adopt a statutory construction that makes any part superfluous or meaningless, if that result can be avoided. Langlois v. East Baton Rouge Parish Sch. Bd., 99-2007, p. 5 (La.5/16/00), 761 So.2d 504, 507; Boyter, 99-0761 at 9, 756 So.2d at 1129. Furthermore, “the object of the court in construing a statute is to ascertain the legislative intent and, where a literal interpretation would produce absurd consequences, the letter must give way to the spirit of the law and the statute construed so as to produce a reasonable result.” First Nat’l Bank of Boston v. Beckwith Mach. Co., 94-2065, p. 8 (La.2/20/95), 650 So.2d 1148, 1153 (quoting Smith v. Flournoy, 238 La. 432, 115 So.2d 809, 814 (1959)).
When analyzing legislative history, it is presumed that the legislature’s actions in crafting a law were knowing and intentional. Courts must assume that the legislature was aware of existing laws on the same subject, as well as established principles of statutory construction and the effect of their legislative acts. Foti v. Holliday, supra.
Statutes in derogation of natural or common right are to be strictly interpreted, and must not be extended beyond their obvious meaning. Such statutes are to be strictly interpreted. See Monteville v. Terrebonne Parish Consolidated Government, 567 So.2d 1097 (La.1990). The starting point for the interpretation of any statute is the language of the statute itself. SWAT 24 Shreveport Bossier, Inc. v. Bond, supra.
La. R.S. 17:416.4 states in pertinent part:
A. In addition to the provisions of R.S. 17:416.1(C), 416.3(B) and (C)(2)(a), and 416.6(B), should any public school 17employee be sued for damages by any student or any person qualified to bring suit on behalf of any student based on any action or statement or the omission of any action or statement by such employee when in the proper course and scope of his duties as defined by the school board employing such employee, then it shall be the obligation of said school board to provide such defendant with a legal defense to such suit including reasonable attorney fees, investiga *866 tory costs, and other related expenses. Should any such employee be cast in judgment for damages in such suit, it shall be the obligation of the school board employing such defendant to indemnify him fully against such judgment including all principal, interest, and costs, except that the school board shall not be responsible for any costs which the court stipulates are to be borne by a party other than the employee or school board.
B. If the school board provided the defense and the judgment makes an award to the employee for damages or other awards for costs or any fees, the employee shall reimburse the school board for its costs incurred for the defense. The requirement of reimbursement by the employee shall not exceed the award received by the employee.
C. Nothing in this Section shall require a school board to indemnify an employee against a judgment wherein there is a specific decree in the judgment that the action of the employee was maliciously, willfully, and deliberately intended to cause bodily harm or to harass or intimidate the student.
[[Image here]]
La. R.S. 17:439 provides:
A. Except as otherwise provided in this Section, no person shall have a cause of action against any school employee based on any statement made or action taken by the school employee provided that the action or statement was within the course and scope of the school employee’s duties as defined by the school board in which the school employee is employed and was within the specific guidelines for school employee behavior as established by that school board.
B. As used in this Section, the terms “school employee” means any school employee who has direct contact with students in the course and scope of the school employee’s duties as defined by the school board by which the school employee is employed, and includes but is not limited to school-based administrators, classroom teachers, coaches, librarians,J^counselors, teachers’ aides, clerical employees, lunchroom workers, custodial workers, school bus drivers, and school bus drivers’ aides.
C. The immunity from liability established by this Section shall not apply to any action or statement by a school employee that was maliciously, willfully, and deliberately intended to cause bodily harm to a student or to harass or intimidate a student.
D. The provisions of this Section shall not apply to the negligence of any school employee operating a motor vehicle, to the extent that liability for such negligence is covered by insurance or self-insurance.
E. The provisions of this Section are not intended to supersede or repeal any other provision of this Part and are intended to supplement the other provisions of this Part.
Discussion
La. R.S. 17:416.4 provides that if school board employees are sued for damages based upon any action or statement or the omission of any action or statement, the school board has the duty to defend and indemnify the employee. This provision was originally enacted in 1982. The plaintiffs urge that La. R.S. 17:439 was enacted in 1999 to provide a limitation of liability for school employees for statements made or actions taken. They claim that the language providing the limitation of liability and limiting causes of action is not as broad as the duty to defend and indemnify provided in La. R.S. 17:416.4. The plain *867 tiffs point out that La. R.S. 17:439 precludes suits against school board employees based on statements or actions, but there is no mention of the omission of any action or statement, language which is included in La. R.S. 17:416.4.
The plaintiffs interpret La. R.S. 17:416.4 and La. R.S. 17:439, read together, to provide that there is no cause of action against a school board |3employee for statements or actions, but a cause of action exists against a school employee for the employee’s omission of any action or statement, and the school board has a duty to defend and indemnify the employee in connection with such suits. The plaintiffs claim that they allege at least 25 instances of failures or omissions on the part of school board employees which are clearly outside the specific guidelines for school employees behavior established by the school board. The plaintiffs assert that the statutes limiting the general rights of tort victims are to be strictly construed and the legislature is presumed to have acted with full knowledge of the strict interpretation of statutes of this nature. Therefore, the legislature did not intend to limit or restrict causes of action against school board employees for omissions of any action or statement.
The legislative purpose in enacting La. R.S. 17:439, relative to the civil liability of school employees, was to provide for the limitation of liability for school employees for certain statements made or actions taken, to provide exceptions, and to provide for related matters. Currently, there is no jurisprudence construing this statute. We observe that the statute specifically precludes a cause of action against a school employee based upon any statement made or action taken by the school employee within the course and scope of the school employee’s duties as defined by the school board in which the school employee is employed, and within the specific guidelines for school employee behavior as established by the school board. Certain exceptions are also listed in the statute.
11f)The two statutes at issue here, La. R.S. 17:416.4 and 17:439, are located in Chapter 2, titled Teachers and Employees, under Part 1, General Provisions. There are several statutes under this part that offer employees indemnity, attorney fees, etc., as does La. R.S. 17:416.4 (for actions or statements or omissions of actions or statements when in proper course and scope of duties), such as La. R.S. 17:416.1 (for acts and omissions in disciplining); La. R.S. 17:416.3 (for reasonable searches); and La. R.S. 17:416.6 (for searches of persons entering school buildings or grounds). Other statutes, like La. R.S. 17:439 (statements made or actions taken within duties and behavior), provide immunity, such as La. R.S. 17:416.11 (not personally liable in any act or failure to act in the directing of or disciplining students).[3] This scheme indicates that the legislature intended the protection of indemnity, defense, legal fees, etc., to flow from some acts of employees while other acts were afforded the more extensive protection of immunity.
We must interpret La. R.S. 17:439 in a manner that is logical and consistent with the presumed fair purpose and intention the legislature had in enacting it. By the exclusion in La. R.S. 17:439 of the language regarding omissions, which is included in La. R.S. 17:416.4, we are compelled to find that the legislature did not intend to preclude a cause of action against school employees for omissions. If the legislature had intended that result, it would have included the omissions language in the statute. Further, La. R.S. 17:439(E) provides that the provisions of *868 theJjjsection are not intended to supersede or repeal any other “provision of this Part and are intended to supplement the other provisions of this Part.”
Many of the plaintiffs’ allegations could be viewed as omissions. In the second supplemental, amended, and restated petition for damages, the plaintiffs allege that the defendants, including the Richland Parish School Board, Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., Samuel G. Hesser, and XYZ duty teachers, failed to use ordinary and necessary care by various acts and omissions. Among those “acts and omissions” in this case, the plaintiffs allege that the school employees were negligent in the following ways:
• In failing to supervise the children
• In failing to timely respond to the fight
• In failing to exercise reasonable care
• In failing to intervene and/or prevent the fight
• In failing to adequately staff the bus area with teachers and/or school personnel
• In failing to disrupt and/or deter the fight with the presence of teachers and/or school personnel
• In failing to have teachers on duty at designated duty areas consistent with the teacher duty schedule
• In failing to provide a safe environment on the campus
• In failing to see that which should have been seen
• In allowing the students to continue fighting uninterrupted
• In failure of the appropriate teachers to be on duty at the scheduled time and in accordance with their duty assignments
112* In failing to call emergency personnel promptly
• In failing to slow the vehicle down with children in the area
• In breaching any and all duties owed to the decedent
• Inadequate supervision
• In allowing substantial harm to befall the decedent
• In failing to provide competent supervision
• Failure of teachers and school personnel to be attentive to what was going on in the bus area
• In failure of the school board and school to properly train its teachers, staff, and/or faculty members
• In failure of teachers to adhere to school board policy
• In failure to protect the decedent from injury and death
• Negligent and/or inadequate supervision
• In failure to properly monitor the school campus
• In providing little to absolutely no intervention whatsoever prior to the fight
• In failure to have designated bus safety areas
• In failure to provide the appropriate degree of supervision under the circumstances
• In failure to have marked bus safety zones
• In failure to have barricades in the bus area
• In failure to adhere to school guidelines
• In failure of teachers to be on duty to possibly break up the fight
• In failure to the school bus driver to exercise the highest degree of care for school children such as the decedent
11sLa. R.S. 17:439 requires that, for the limitations of liability to apply, the action *869 or statement complained of must be within the course and scope of the school employee’s duties as defined by the school board within the specific guidelines of school employee behavior. The specific defendants in this case, arguing the application of the statute, have the burden of demonstrating that the petition fails to state a cause of action against them. The defendants here have not alleged that the matters urged by the plaintiffs were statements or actions which fall within the protection of La. R.S. 17:439. Accordingly, we find that La. R.S. 17:439 does not preclude the plaintiffs from bringing a direct cause of action against Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., and XYZ duty teachers for omissions. However, La. R.S. 17:416.4 will apply and the Richland Parish School Board will have a duty to defend and indemnify those employees under the terms of that statute.
CAUSE OF ACTION AGAINST SCHOOL BUS DRIVER
The plaintiffs maintain that the trial court erred in finding that they have no cause of action against the school bus driver, Samuel G. Hesser, under the clear wording of La. R.S. 17:439(D). The plaintiffs contend that La. R.S. 17:439(D) gives them the right to bring a cause of action against Mr. Hesser for his negligence in operating the bus. Because the court found that the plaintiffs could not bring a direct cause of action against Mr. Hesser, but could proceed against the bus driver’s insurance carrier, the plaintiffs urge that the trial court misinterpreted the statute. This argument has merit.
| ^Discussion
La. R.S. 17:439(D) provides:
D. The provisions of this Section shall not apply to the negligence of any school employee operating a motor vehicle, to the extent that liability for such negligence is covered by insurance or self-insurance.
In this case, the trial court stated in its reasons for judgment that La. R.S. 17:439(D) prohibited a direct cause of action against Mr. Hesser as the school bus driver, but allowed a direct action against the bus driver’s insurance carrier, to the extent of any insurance. We find that, under the clear wording of La. R.S. 17:439(D), the trial court erred in its interpretation of this provision. The statute specifically provides that the limitation of liability precluding a cause of action against a school employee does not apply to a school employee operating a motor vehicle, to the extent that liability for such negligence is covered by insurance or self-insurance. The plaintiffs’ clams against Mr. Hesser arise from his alleged negligence in operating the school bus. Therefore, the plaintiffs have a direct cause of action against Mr. Hesser for his alleged negligence in operating the school bus to the extent that his liability is covered by insurance or self-insurance. However, he will not be personally liable in excess of his insurance limits unless it is shown that he acted maliciously and willfully, and deliberately intended to cause bodily harm to the decedent.
This interpretation squares with the Direct Action Statute of La. R.S. 22:1269(B), which provides that the injured person or his survivors or heirs shall have a right of direct action against the insurer, within the terms and limits of the policy, and such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido. [However, such action may be brought against the insurer alone only if the insured has been adjudged bankrupt or proceedings to adjudge the insured bankrupt have been *870 commenced, the insured is insolvent, service of citation or other process cannot be made upon the insured, the cause of action is for damages as a result of an offense or quasi-offense between children and their parent or between married persons, when the insurer is an uninsured motorist carrier, or when the insured is deceased.[4] None of these exceptions |1Rapply in this case. Therefore, under La. R.S. 17:439(D) and La. R.S. 22:1269(B), the plaintiffs have a direct cause of action against Mr. Hesser to the extent that his liability is covered by insurance or self-insurance. After that point, under La. R.S. 17:416.4, the school board has a duty to defend and indemnify Mr. Hesser for any excess liability.
Accordingly, we reverse that portion of the trial court judgment finding that the plaintiffs do not have a cause of action against Mr. Hesser. The plaintiffs have a cause of action against Mr. Hesser within the limits specified in La. R.S. 17:439(D).
CONCLUSION
For the reasons stated above, we reverse that portion of the trial court judgment finding that the plaintiffs, Nakisha Credit, individually and on behalf of Adrienne Breana Howard, Kaylin Howard, and Kevin Credit, Jr., have no cause of action against Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., and XYZ duty teachers, for allegations that their omissions contributed to the death of Adrienne Breana Howard.
We also reverse that portion of the trial court judgment finding that the plaintiffs have no cause of action against the school bus driver, Samuel G. Hesser. The plaintiffs have a limited cause of action against Mr. Hesser to the extent that liability for *871 negligence in operating the school bus is covered by insurance or self-insurance. The matter is remanded to the trial court for further proceedings. Costs in this court are assessed against the 117defendants, Cathy Stockton, Georgia In-eichen, Larry Wright, Sr., Samuel G. Hes-ser, and XYZ duty teachers.
REVERSED; REMANDED FURTHER PROCEEDINGS. FOR

. See Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990).

. Numerous exceptions of no right of action, no cause of action, insufficient service of process, and vagueness were filed by the original defendants in this case. Some exceptions were resolved by consent or cured by proper service of process. Others were disposed of by a ruling of the trial court and amendment of the petition. Kevin Credit, Sr. was dismissed on an exception of no right of action because he is not the biological or adopted father of Breana Howard. These are the parties remaining in the suit, and the claims remaining against the defendants.

. We note that a Teacher Bill of Rights is found in La. R.S. 17:416.18.

. La. R.S. 22:1269 provides in pertinent part:
A. No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his survivors, mentioned in Civil Code Art. 2315.1, or heirs against the insurer.
B. (1) The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either die insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only; however, such action may be brought against the insurer alone only when at least one of the following applies:
(a) The insured has been adjudged bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
(b) The insured is insolvent.
(c) Service of citation or other process cannot be made on the insured.
(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
(e) When the insurer is an uninsured motorist carrier.
(f) The insured is deceased.
(2) This right of direct action shall exist whether or not the policy of insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana. Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if such provisions are not in violation of the laws of this state.