GUIDRY, J.
hWe granted certiorari in this case to determine whether the “statement made or action taken” language in La. R.S. 17:439(A) precludes a cause of action against school employees for negligent acts of omission and to ascertain whether an action may be filed pursuant to La. R.S. 17:439(D) directly against a school employee for the negligent operation of a motor vehicle to the extent his or her liability is covered by insurance or self-insurance. For the reasons that follow, we reverse the ruling of the court of appeal in part and hold that La. R.S. 17:439(A) precludes a cause of action against school employees for certain negligent acts, including acts of commission and acts of omission. We otherwise affirm the court of appeal’s ruling that La. R.S. 17:439(D) permits an action directly against a school bus driver for the negligent operation of a school bus to the extent the driver’s liability is covered by insurance or self-insurance. Finally, we remand the matter to the court of appeal for further proceedings.
*672 | .FACTS AND PROCEDURAL HISTORY
Because this case involves a ruling regarding a peremptory exception of no cause of action, we begin with the allegations of fact pled in the plaintiffs’ petition, accepting them as true for the purpose of ruling on the exception of no cause of action. State, Div. of Admin., Office of Facility Planning and Control v. Infinity Sur. Agency, L.L.C. (“Infinity”), 10-2264, p. 1 (La.5/10/11), 68 So.3d 940, 941(citing Scheffler v. Adams and Reese, LLP, 06-1774 (La.2/22/07), 950 So.2d 641). Nakisha Credit, mother of Adrienne Breana Howard (“Breana”), filed the instant suit individually and on behalf of Breana’s half-siblings, Kaylin Howard and Kevin Credit, Jr. Plaintiffs allege in their petition that Breana was involved in an ongoing feud with Courtney McClain (“Courtney”). At the time of the alleged incident discussed below, Breana had been expelled from Rayville High School and was attending Richland Career Center at Archibald. According to the petition, on December 14, 2009, Breana was dropped off in the rear of Rayville High School after school had been dismissed for the day at Richland Career Center and began to walk home. Plaintiffs contend LeBaron Sledge subsequently instigated a fight between Breana and Courtney. Shortly thereafter, plaintiffs claim, the two began fighting on the sidewalk in the rear of the school. The petition alleges that, during the altercation, Breana was either pushed by Courtney or fell off the sidewalk, and was struck by an oncoming Richland Parish school bus driven by Samuel G. Hesser. Breana died as a result of her injuries. The petition further alleges Kaylin Howard and Kevin Credit, Jr., Breana’s younger half-siblings, were passengers on a bus immediately in front of the bus that struck and killed Breana. The bus was stopped and the two half-siblings were forced to exit the bus where they saw Breana’s injured body. Plaintiffs allege at the time of the accident there were no teachers on duty in or around the bus area of Rayville High School.
|3On March 1, 2010, Nakisha Credit, Breana’s mother, filed suit individually and on behalf of Breana, Kaylin Howard, and Kevin Credit, Jr., against: (1) the Rich-land Parish School Board; (2) State Farm Mutual Automobile Insurance Company (“State Farm”), the insurer of the school board; (3) Cathy Stockton, superintendent of the Richland Parish School Board; (4) Georgia Ineichen, principal of Rayville High School; (5) Larry Wright, Sr., assistant principal of Rayville High School; (6) Samuel G. Hesser, driver of the bus that struck Breana; (7) Rayville High School; (8) Richland Career Center at Archibald; (9) XYZ duty teachers; (10) Gail McClain, Courtney McClain’s mother; and (11) Amy Doe, LeBaron Sledge’s mother. Nakisha Credit asserted individual claims for wrongful death and survival damages. On behalf of Kaylin Howard and Kevin Credit, Jr., she brought claims for Lejeune damages pursuant to La. C.C. art. 2315.6.[1]
Among other allegations, plaintiffs’ petition alleges defendants were negligent in a variety of ways by failing to supervise the children, failing to timely respond to the fight, and failing to adequately staff the bus area with teachers or school employees. Plaintiffs specifically allege Samuel G. Hesser, the bus driver, saw or should *673 have seen the large gathering of students and the fight between Breana and Courtney and continued to operate his school bus near the large crowd without regard for the safety of the children around the school bus zone. Plaintiffs contend the mother of LeBaron Sledge is liable for damages caused by his role in inciting the fight and Gail McClain, as the parent of Courtney McClain, is liable for the damages caused by Courtney when she allegedly pushed Breana and caused her to fall.
|4On April 12, 2010, the eight defendants filed various exceptions, but the dispute before us today concerns the exception of no cause of action filed by Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., Samuel G. Hesser, and XYZ duty teachers. These defendants asserted plaintiffs have no cause of action against them pursuant to La. R.S. 17:439(A), which precludes a cause of action against any school employee based on “any statement made or action taken” within the course and scope of the employee’s duties and within specific guidelines for employee behavior. After a hearing on the matter, the trial court held that La. R.S. 17:439(A) prohibits causes of action against individual parish school board employees who are alleged to have committed negligent actions in the course and scope of their employment. Therefore, the trial court granted the exception of no cause of action as to Cathy Stockton, Georgia Ineichen, Larry Wright, and XYZ duty teachers.
As to Samuel G. Hesser, the trial court found La. R.S. 17:439(D) prohibited plaintiffs from bringing a claim directly against the bus driver. La. R.S. 17:439(D) states, “The provisions of this Section shall not apply to the negligence of any school employee operating a motor vehicle, to the extent that liability for such negligence is covered by insurance or self-insurance.” The trial court reasoned that La. R.S. 17:439(D), by including the phrase “to the extent that liability is covered by insurance or self-insurance,” when read in conjunction with La. R.S. 17:439(B) defining “school employee” as including school bus drivers, prohibited a cause of action directly against Mr. Hesser, though it did permit suit directly against the driver’s insurer.[2]
IsThe court of appeal reversed the trial court’s judgment that found plaintiffs had no cause of action against the school employees. Credit v. Richland Parish School Bd., 46,163, pp. 16-17 (La.App. 2 Cir. 4/13/11), 61 So.3d 861, 870-871. After .setting forth the applicable law on statutory interpretation, the court essentially found that the legislature in enacting La. R.S. 17:439(A) had created a qualified immunity from liability for school board employees for negligent acts of commission but not for negligent acts of omission. The court first cited the language of La. R.S. 17:416.4(A), which provides that, when school employees are sued for damages based upon any “action or statement” or “the omission of any action or statement,” the school board has the duty to defend and indemnify the school employees. The court then returned to La. R.S. 17:439(A), which precludes a cause of action against a school employee based upon any “statement made or action taken” by the school *674 employee within the course and scope of his or her duties. The court found the legislative purpose in enacting La. R.S. 17:439(A) was to limit the liability of school employees for any “statement made or action taken.” By excluding the language regarding omissions in La. R.S. 17:439(A), which was included in La. R.S. 17:416.4(A), the court of appeal reasoned that the legislature did not intend to preclude a cause of action against school employees for negligent omissions. Because many of the plaintiffs’ allegations could be viewed as omissions, and because the plaintiffs failed to allege there were any “statements made or actions taken” which fall within the protections of La. R.S. 17:439(A), the court of appeal found a cause of action existed against Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., and the XYZ duty teachers.
The court of appeal also reversed the decision of the trial court regarding the cause of action against Samuel G. Hesser. It found under the clear wording of La. R.S. 17:439(D) an action could be brought directly against Mr. Hesser for his negligence in operating the school bus to the extent his liability is covered by | ¿insurance or self-insurance. The court of appeal noted its interpretation of La. R.S. 17:439(D) was consistent with the Direct Action Statute, La. R.S. 22:1269.[3]
We granted the defendants’ application for a writ of certiorari to determine the correctness of the court of appeal’s ruling on the exception of no cause of action. Credit v. Richland Parish School Bd., 11-1003 (La.7/1/11), 64 So.3d 233.
LAW AND DISCUSSION

I. No Cause of Action Against School Board Employees

Defendants first contend the court of appeal erred in finding the plaintiffs’ petition stated a cause of action against Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., and XYZ duty teachers. To determine the merits of defendants’ arguments we must apply La. R.S. 17:439, which has not been interpreted by any Louisiana court prior to the lower courts’ rulings. Therefore, this court is presented with a question of law to be reviewed under a de novo standard. Red Stick Studio Dev., L.L.C. v. State ex rel. Dep’t of Econ. Dev., 10-0193, p. 9 (La.1/19/11), 56 So.3d 181, 187 (citing Thibodeaux v. Donnell, 08-2436, p. 3 (La.5/5/09), 9 So.3d 120, 122).
The purpose of the peremptory exception of no -cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Veroline v. Priority One EMS, 09-1040, p. 4 (La.10/9/09), 18 So.3d 1273, 1275 (citing Scheffler, 06-1774, p. 4, 950 So.2d at 646). No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts the well-pleaded allegations of fact as true. Infinity, 10-2264 at 9, 63 So.3d at *675 946 (citing Ramey v. DeCaire, 03-1299, p. 7 (La.3/19/04), 869 So.2d 114, 118; Jackson v. State ex rel. Dept. of Corrections, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993)).
The appropriate starting point in the interpretation of any statute is the language of the statute itself. Red Stick Studio, 10-0193 at 10, 56 So.3d at 187 (quoting M.J. Farms, Ltd. v. Exxon Mobil Corp., 07-2371, p. 13 (La.7/1/08), 998 So.2d 16, 27). When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9; La. R.S. 1:4.[4] The meaning and intent of a law is to be ascertained by a consideration of the entire law as well as all other laws on the same subject matter and by placing a construction on the law that is consistent with the express terms of the law and with the obvious intent of the legislature enacting the law. City of DeQuincy v. Henry, 10-0070, p. 3 (La.3/15/11), 62 So.3d 43, 45 (citing SWAT 24 Shreveport Bossier Inc., 00-1695, p. 11 (La.6/29/01), 808 So.2d 294, 302; Succession of Boyter, 99-0761, p. 9 (La.1/7/00), 756 So.2d 1122, 1129).
With these rules for statutory interpretation in mind, we turn to the language of La. R.S. 17:439, adopted by Acts 1999, No. 689, which provides:
Except as otherwise provided in this Section, no person shall have a cause of action against any school employee based on any statement made or action taken by the school employee provided that the action or statement was within the course and scope of the school employee’s duties as defined by the school board in which the school ^employee is employed and was within the specific guidelines for school employee behavior as established by that school board.[5] (Emphasis added).
Thus, La. R.S. 17:439(A) has a threefold requirement which must be met before a school employee may successfully assert a peremptory exception of no cause of action. In order for a school employee to receive personal immunity from a tort suit, La. R.S. 17:439(A) requires: (1) the cause of action against any school employee must be based on a statement made or action taken by the school employee; (2) the action or statement must be made within the course and scope of the school employ *676 ee’s duties as defined by the school board in which the school employee is employed; and (3) the action or statement must be within the specific guidelines for school employee behavior as established by the school board.
The court of appeal, urged on by the plaintiffs, found the legislature intentionally created a dichotomy in which a school employee’s act of omission is provided no personal immunity from liability, yet his or her act of commission is provided such immunity. As noted above, the court of appeal relied on La. R.S. 17:416.4(A), which requires the school board to defend and indemnify school |9board employees who are sued for “any action or statement or the omission of any action or statement....” La. R.S. 17:416.4(A), adopted by Acts 1982, No. 593, and subsequently amended by Acts 1983, No. 378, and Acts 1997, No. 619, provides:
In addition to the provisions of R.S. 17:416.1(0, 416.3(B) and (C)(2)(a), and 416.6(B), should any public school employee be sued for damages by any student or any person qualified to bring suit on behalf of any student based on any action or statement or the omission of any action or statement by such employee when in the proper course and scope of his duties as defined by the school board employing such employee, then it shall be the obligation of said school board to provide such defendant with a legal defense to such suit including reasonable attorney fees, investigatory costs, and other related expenses. Should any such employee be cast in judgment for damages in such suit, it shall be the obligation of the school board employing such defendant to indemnify him fully against such judgment including all principal, interest, and costs, except that the school board shall not be responsible for any costs which the court stipulates are to be borne by a party other than the employee or school board. (Emphasis added).
We disagree that the “statement made or action taken” language in La. R.S. 17:439(A) by its very wording excludes qualified personal tort immunity for negligent acts of omission. First, the omission/commission distinction is not set forth in the text of La. R.S. 17:439. Second, neither plaintiffs nor the court of appeal has cited to any Louisiana case making a similar distinction. Indeed, Louisiana courts have long interpreted the word “act” or “action” in a statute to refer to both acts of commission and acts of omission. La. Civ.Code art. 2315, the foundation of all tort law in Louisiana, states: “Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” (Emphasis supplied.) The word “act” in Art. 2315 has consistently been interpreted to refer to acts of both commission and omission. E.g., Smith v. Travelers Ins. Co., 430 So.2d 55, 58 (La.1983); Lee v. City of Baton Rouge, 243 La. 850, 147 So.2d 868, 871 (1962); see also Dowling v. Mutual Life Ins. Co., 168 So.2d 107, 116 (La.App. 4th Cir.1964), writ denied, 247 La. 248, 170 So.2d 508 (1965) (“It is so well established in the jurisprudence of this state as not to require citation of authority that persons are liable for acts of omission under La. Civ.Code arts. 2315 and 2316, as well as for acts of commission.”) Thus, we find the plain wording of La. R.S. 17:439 to be clear and unambiguous, surely so when viewed in the light of both our Civil Code and longstanding jurisprudence, that the language “action taken” therein, like the word “act” in La. C.C. art. 2315, refers to both acts of commission and acts of omission. Interpretation of La. R.S. 17:439(A) in this manner certainly does not lead to absurd consequences, because La. R.S. 17:439(A) merely precludes a cause of ac *677 tion against a school employee for negligent conduct for which the school board would otherwise have defended and indemnified the employee under La. R.S. 17:416.4; thus, we need not look to legislative intent to determine the meaning of the statute.
Nonetheless, in reaching a contrary conclusion, the court of appeal focused on the language found in La. R.S. 17:416.4, and the fact that it and La. R.S. 17:439(A) are located in Chapter 2, titled “Teachers and Employees,” under Part 1, “General Provisions,” in Title 17. The court of appeal relied on La. C.C. art. 13, which provides that “[l]aws on the same subject matter must be interpreted in reference to each other.” Reading the statutes in pari materia, the court of appeal essentially reasoned that the legislature, when it enacted La. R.S. 17:439 with knowledge of La. R.S. 17:416.4, must have made a policy decision in 1982 to indemnify school board employees for their “actions or statements or the omission of any action or statement” but chose in 1999 to provide additional immunity from suit only for their “statements made or actions taken.”
However, the fundamental question in all cases of statutory construction is legislative intent. SWAT 24 Shreveport Bossier, 00-1695 at 11, 808 So.2d at 302; Succession of Boyter, 99-0761 at 9, 756 So.2d at 1128. Other than the particular language of these statutes, no party has directed us to any legislative history ^evidencing the legislature’s intent to make a distinction between acts of commission and acts of omission with regard to immunity from personal tort liability for school board employees. Had the legislature intended to make such a distinction, it could have done so expressly in the text of Lá. R.S. 17:439. Instead, the legislature was surely aware of our settled jurisprudence that an “act” applies to both acts of commission and acts of omission, and could expect that La. R.S. 17:439 would operate to grant personal immunity to school employees in either case. At any rate, the legislative history available to the court supports the conclusion the legislature intended to provide school teachers and other school employees with personal immunity from tort claims arising from the performance of their duties, provided they do not act maliciously, willfully, or with deliberate intent to injure the student.[6]
Finally, we point out that the interpretation given to La. R.S. 17:439(A) by the appellate court violates settled rules of statutory construction and interpretation, because to apply the immunity statute only to acts of commission, rather than also to acts of omission, renders the statute meaningless and leads to absurd results. As we noted above, a school board has the duty under La. R.S. 17:416.4 to defend and indemnify its teachers and employees against any judgment arising from the negligent performance of their duties regardless of whether the negligence is based on an alleged commission, omission, or statement. Thus, teachers and school employees under the interpretation given to La. R.S. 17:439(A) by the appellate court would still not be liable for any resulting judgment even if the plaintiffs’ suit could proceed against the school employee *678 personally. The plaintiffs would have no greater rights under the appellate court’s interpretation, because their recovery, 11gif any, would remain the responsibility of the school board, either by a finding that the school board was at fault or through the indemnity provisions and the doctrine of respondeat superior. It is a cardinal rule of statutory interpretation that “it will not be presumed that the Legislature inserted idle, meaningless or superfluous language in the statute or that it intended for any part or provision of the statute to be meaningless, redundant or useless.” ABL Mgmt., Inc., v. Board of Supevisors of Southern Univ., 00-0798 (La.11/28/00), 773 So.2d 131, 135. In our view, as more fully set forth below, the court of appeal’s interpretation of La. R.S. 17:439(A) providing for a heretofore unrecognized dichotomy between acts of commission and acts of omission effectively renders the statute meaningless and superfluous in light of La. R.S. 17:416.4.
The appellate court’s interpretation of La. R.S. 17:439 would provoke confusion in the lower courts, invite creative drafting of petition allegations, and lead to absurd results, because the distinction between an act of commission and an act of omission can be difficult to define. It certainly can be envisioned that any negligent act can be described either as an act of commission or as an act of omission, depending on context:
Use of the term “failure to act” ... may be misleading. If, for example, an automobile driver fails to notice an errant pedestrian and does not apply his brakes, he has, from a purely physical standpoint, failed to act, i.e., he has failed to notice and has failed to brake. But he did “act” previously when he engaged in the activity — driving the automobile — that foreseeably could expose the victim to a risk of harm.
Maraist and Galligan, La. Tort Law, Sect. 5.07 (2004 ed.).
For instance, the petition alleges the school employees acted negligently “in failing to provide competent supervision,” but it is unclear whether this is meant to be an allegation of omission or commission: either the teacher supervised the students, but did so inadequately, or the teacher failed to do something which she should have done. The omission/commission dichotomy thus encourages plaintiffs |1sto draft their petitions to describe alleged negligence as “a failure to do something” rather than as an action. Finally, such a distinction could lead to absurd results, as, for example, when a teacher accidentally releases a push cart, which then passes in front of another teacher before it ultimately strikes and injures a student. The teacher who negligently pushed or released the cart would potentially have immunity under the appellate court’s interpretation of La. R.S. 17:439, while the teacher who failed to stop the cart as it passed by would not. Such a result would seem to be both illogical and unintended by the legislature. Thus, the appellate court’s interpretation of La. R.S. 17:439 does nothing to further the intended purpose of the statute, which is to free school employees from the constant threat of litigation.
In conclusion, we find the “statement made or action taken” language in La. R.S. 17:439(A) precludes a cause of action against school employees for both acts of commission and acts of omission committed, as well as statements made, within the course and scope of their duties as defined by the school board and within the specific guidelines for employee behavior established by that school board. Applying this holding to the allegations in the plaintiffs’ petition, we find the court of appeal erred in resolving the exception of *679 no cause of action based on its interpretation of La. R.S. 17:439(A). In plaintiffs’ second supplemental, amended, and restated petition for damages, plaintiffs alleged defendants, including Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., and XYZ duty teachers, failed to use ordinary and necessary care by various acts and omissions, each of which singularly or in combination with others listed, was a proximate cause of the occurrence in question. Because the alleged acts of negligence on the part of these defendants, including the alleged omissions, fall within the meaning of “statement made or action taken” set forth in La. R.S. 17:439(A), we find the court of appeal 114erred in concluding otherwise and reversing the district court’s ruling on the exception of no cause of action on that basis.[7]

II. No Cause of Action Against the School Bus Driver, Samuel G. Hes-ser

We next address whether plaintiffs have a direct cause of action against Samuel G. Hesser, the driver of the Rich-land Parish school bus alleged to have struck Breana. As noted earlier, the appropriate starting point in the interpretation of any statute is the language of the statute itself. Red Stick Studio, 10-0193 at 10, 56 So.3d at 187 (quoting M.J. Farms, Ltd., 07-2371 at 13, 998 So.2d at 27). La. R.S. 17:439(D) states, “The provisions of this Section shall not apply to the negligence of any school employee operating a motor vehicle, to the extent that liability for such negligence is covered by insurance or self-insurance.” The language of La. R.S. 17:439(D) is clear and unambiguous, and its application does not lead to absurd consequences; therefore, an action alleging negligent operation of a motor vehicle may be brought directly against Mr. Hesser to the extent he is covered by insurance or self-insurance, and only up to the policy limits thereof.
Although the defendants argue the Direct Action Statute, La. R.S. 22:1269, should not determine whether an action may be filed against the school bus driver, when La. R.S. 22:1269 is read concurrently with La. R.S. 17:439(D), the two statutes lead to consistent outcomes. Both statutes allow an action to be brought directly against Mr. Hesser, as well as his insurer, lending further support to this court’s and the appellate court’s interpretation of La. R.S. 17:439(D). Plaintiffs’ petition alleges State Farm issued a policy of liability insurance to Richland Parish | ^School Board, which covered Mr. Hes-ser’s alleged acts of negligence. Because Mr. Hesser was insured at the time of the accident, we find the plain language of the statute provides for a direct cause of action against him to the extent liability for his alleged negligent actions in operating the motor vehicle is covered by the State Farm insurance policy or self-insurance. Pursuant to La. R.S. 17:416.4(A), the Rich-land Parish School Board will be required to indemnify and defend Mr. Hesser for *680 any liability in excess of his insurance or self-insurance limits.
CONCLUSION
For the reasons set forth above, we find the “statement made or action taken” language in La. R.S. 17:439(A) precludes a cause of action against school employees for certain negligent acts, including acts of omission. Therefore, the court of appeal applied an incorrect interpretation of La. R.S. 17:439(A) to reverse the district court’s ruling on the exception of no cause of action against Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., and XYZ duty teachers. However, because the court of appeal pretermitted resolving whether the petition adequately stated a cause of action with regard to the remaining elements of La. R.S. 17:439(A) precluding a cause of action against a school employee, we remand the matter to the court of appeal to consider whether the plaintiffs’ petition sufficiently alleges that the defendants’ statements or actions were not “within the course and scope of the school employee’s duties as defined by the school board in which the school employee is employed and [were not] within the specific guidelines for school employee behavior as established by that school board.” La. R.S. 17:439(A). We further find the court of appeal was correct in holding plaintiffs have a direct cause of action against Samuel G. Hesser pursuant to La. R.S. 17:439(D), to the extent liability for his alleged negligent actions in operating the motor vehicle is covered by insurance or self-insurance. Thus, we reverse the 11r,ruling of the court of appeal in part, affirm that ruling in part, and remand the matter to the court of appeal for further proceedings.
REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.
KIMBALL, Chief Justice, dissents in part for the reasons assigned by WEIMER, J.
JOHNSON, Justice, dissents.
WEIMER, Justice, dissents in part and assigns reasons.

. La. C.C. art. 2315.6 provides that certain persons, including brothers and sisters of the injured person, who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury. See Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990).

. "School employee” is defined in La. R.S. 17:439(B), which provides:
As used in this Section, the terms "school employee” means any school employee who has direct contact with students in the course and scope of the school employee’s duties as defined by the school board by which the school employee is employed, and includes but is not limited to school-based administrators, classroom teachers, coaches, librarians, counselors, teachers’ aides, clerical employees, lunchroom workers, custodial workers, school bus drivers, and school bus drivers’ aides, (emphasis added).

. La. R.S. 22:1269(B) provides:
(1) The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only; however, such action may be brought against the insurer alone only when at least one of the following applies ....

. La. R.S. 1:4 states, "When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.”

. Sections (B),(C),(D), and (E) of La. R.S. 17:439 provide:
B.As used in this Section, the terms "school employee” means any school employee who has direct contact with students in the course and scope of the school employee's duties as defined by the school board by which the school employee is employed, and includes but is not limited to school-based administrators, classroom teachers, coaches, librarians, counselors, teachers' aides, clerical employees, lunchroom workers, custodial workers, school bus drivers, and school bus drivers’ aides.
C. The immunity from liability established by this Section shall not apply to any action or statement by a school employee that was maliciously, willfully, and deliberately intended to cause bodily harm to a student or to harass or intimidate a student.
D. The provisions of this Section shall not apply to the negligence of any school employee operating a motor vehicle, to the extent that liability for such negligence is covered by insurance or self-insurance.
E. The provisions of this Section are not intended to supersede or repeal any other provision of this Part and are intended to supplement the other provisions of this Part.

. A review of the legislative history demonstrates the legislature intended to give teachers personal tort immunity to the fullest extent possible: "The teacher’s role should not be molded by the fear of lawsuits. Faculty meetings and professional development should not be centered around the constant fear of liability.” Testimony of Mrs. Cathy Severns, before the Committee of Civil Law and Procedure in support of House Bill No. 172, April 19, 1999.

. The district court specifically found that the negligent actions allegedly committed by the defendants were done so while in the course and scope of their employment with the Rich-land Parish School Board. The court of appeal pretermitted resolving whether the petition adequately stated a cause of action with regard to the remaining elements of La. R.S. 17:439(A) precluding a cause of action against a school employee, that is, whether the employee's action or statement was "within the course and scope of the school employee’s duties as defined by the school board in which the school employee is employed and was within the specific guidelines for school employee behavior as established by that school board.” La. R.S. 17:439(A). Accordingly, we will remand the case to the court of appeal for it to consider these pretermitted issues.