GASKINS, J.
1 jThis matter is before us on remand from the Louisiana Supreme Court.[1] For the following reasons, we affirm the trial court judgment finding that the plaintiffs have no cause of action, against certain employees of the Richland Parish School Board arising from the death of Adrienne Breana Howard (“Breana”).
FACTS
Breana had been expelled from Rayville High School because of an ongoing dispute with another student, Courtney McClain (“Courtney”).[2] Breana was attending the Richland Career Center at Archibald. At the close of the day on December 14, 2009, Breana had been dropped off by a school bus at the rear of Rayville High School and began to walk home. Allegedly at the instigation of another student, LeBaron Sledge, Courtney and Breana became involved in a fight on a sidewalk at the rear of Rayville High School near the school bus zone. According to the pleadings, Breana was either pushed by Courtney or fell off the sidewalk and was struck by an oncoming school bus driven by Samuel G. Hesser. Breana died from her injuries. Her younger half-siblings, Kaylin Howard and Kevin Credit, Jr., were on a bus in front of the bus that struck Breana. The bus stopped and the passengers disembarked. Kaylin and Kevin saw Breana’s body.
Nakisha Credit, Breana’s mother, filed suit individually and on behalf of Breana, Kaylin, and Kevin, against the Richland Parish School Board; [2State Farm Automobile Insurance Company, the insurer of the school board; Cathy Stockton, superintendent of the Richland Parish School Board; Georgia Ineichen, principal of Ray-ville High School; Larry Wright, Sr., assistant principal of Rayville High School; Samuel G. Hesser, driver of the bus that struck Breana; Rayville High School; Richland Parish Career Center at Archibald; XYZ duty teachers; Gail McClain, Courtney’s mother; and Amy Doe, LeBar-on Sledge’s mother.[3]
The plaintiffs argued that the defendants were negligent in numerous ways, including the failure to supervise, failure to timely respond to the fight, and failure to adequately staff the bus area with teachers or school personnel. The plaintiffs alleged that Mr. Hesser saw or should have seen the fight and yet continued to operate the bus near the fight without regard to the safety of the children in the school bus zone. According to the plaintiffs, the mother of LeBaron Sledge was liable for her son’s role in instigating the fight and Gail McClain was liable for Courtney’s action in allegedly pushing Breana into the path of the bus.
*1177 Various exceptions were filed. This case concerns the exception of no cause of action filed by Cathy Stockton, Georgia In-eichen, Larry Wright, Sr., Samuel G. Hes-ser, and XYZ duty teachers. They asserted that the plaintiffs have no cause of action against school board employees in their individual capacities under La. R.S. 17:439. The statute provides that “Except as otherwise provided in this Section, no person shall have a cause of action against any school employee based on any statement made or | .¡action taken by the school employee provided that the action or statement was within the course and scope of the school employee’s duties as defined by the school board in which the school employee is employed and was within the specific guidelines for school employee behavior as established by that school board.” The statute further provides that a “school employee” means any school employee who has direct contact with students in the course and scope of the school employee’s duties as defined by the school board by which the school employee is employed, and includes but is not limited to school-based administrators, classroom teachers, coaches, librarians, counselors, teachers’ aides, clerical employees, lunchroom workers, custodial workers, school bus drivers, and school bus drivers’ aides. La. R.S. 17:439(B).
After a hearing, the trial court granted the exception of no cause of action as to Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., and XYZ duty teachers, based upon La. R.S. 17:439 and dismissed the plaintiffs’ claims against them. Regarding Mr. Hesser, the school bus driver, the trial court found that La. R.S. 17:439(D) prohibits the plaintiffs from bringing a claim directly against the bus driver in his individual capacity, but they would have a direct action against the bus driver’s insurer to the extent of any insurance. Accordingly, the trial court granted the defendant’s exception of no cause of action as to Mr. Hesser and dismissed the plaintiffs’ claims against him.
The plaintiffs appealed the trial court decision to this court. In our prior opinion, we reversed the trial court judgment in its entirety. In finding |4that the plaintiffs did have a cause of action against Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., and XYZ duty teachers, we reasoned that the legislature, in enacting La. R.S. 17:439(A), created a qualified immunity from liability for school board employees for negligent acts of commission, but not for negligent acts of omission. We noted that La. R.S. 17:416.4(A) provides that, when school employees are sued for damages based upon any “action or statement or the omission of any action or statement by such employee when in the proper course and scope of his duties as defined by the school board employing such employee, then it shall be the obligation of said school board to provide such defendant with a legal defense to such suit including reasonable attorney fees, investigatory costs, and other related expenses [Emphasis supplied].” We observed that La. 17:439(A) precluded a cause of action against a school employee based upon any “statement made or action taken” by the school employee within the course and scope of his or her duties, but the statute did not include the language regarding omissions. We determined that the legislature did not intend to preclude a cause of action against school employees for negligent omissions.
The Louisiana Supreme Court granted the writ application filed by the defendants, Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., and XYZ duty teachers, and Mr. Hesser, objecting to this court’s decision. The supreme court reversed that portion of our opinion finding that the plaintiffs Ifihad a cause of action against Cathy Stockton, Georgia Ineichen, Larry *1178 Wright, Sr., and XYZ duty teachers for negligent omissions.[4]
The supreme court stated that La. R.S. 17:439(A) has a threefold requirement which must be met before a school employee may successfully assert a peremptory exception of no cause of action. La. R.S. 17:439(A) requires: (1) the cause of action against any school employee must be based on a statement made or action taken by the school employee; (2) the action or statement must be made within the course and scope of the school employee’s duties as defined by the school board in which the school employee is employed; and (3) the action or statement must be within the specific guidelines for school employee behavior as established by the school board.
The supreme court determined that, in enacting La. R.S. 17:439, the Louisiana legislature did not intend to exclude qualified tort immunity for negligent acts of omission. It found that Louisiana courts have long reasoned that the word “act” or “action” in a statute refers to both acts of commission and acts of omission. The supreme court held that the “statement made or action taken” language in La. R.S. 17:439(A) precludes a cause of action against school employees for both acts of commission and | ¡¡acts of omission committed, as well as statements made, within the course and scope of their duties as defined by the school board and within the specific guidelines for employee behavior established by that school board.
Based upon this reasoning, the supreme court reversed our decision regarding the plaintiffs’ cause of action against Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., and XYZ duty teachers. The supreme court ruled that, because this court found that the plaintiffs had a cause of action against these defendants, we pre-termitted resolving whether the petition adequately stated a cause of action with regard to the remaining elements of La. R.S. 17:439(A) precluding a cause of action against a school employee. The supreme court remanded the matter to this court to consider whether the plaintiffs’ petition sufficiently alleges that the defendants’ statements or actions were not “within the course and scope of the school employee’s duties as defined by the school board in which the school employee is employed” and were not “within the specific guidelines for school employee behavior as established by that school board.”
CAUSE OF ACTION AGAINST SCHOOL EMPLOYEES
The exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. The exception is triable on the face of the petition and each well-pled fact must be accepted as true. White v. St. Elizabeth B.C. Board of Directors, 45,213 (La.App.2d Cir.6/2/10), 37 So.3d 1139. No evidence may be introduced at any time to support or controvert the objection *1179 that the petition fails to state a cause of action. La. C.C.P. art. 931.
17Piscussion
In the pleadings filed by the plaintiffs, they allege that Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., and XYZ duty teachers failed to use ordinaiy and necessary care by various acts and omissions. Among those acts and omissions in this case pertaining to these particular defendants, the plaintiffs allege that the school employees were negligent in the following ways:
• In failing to supervise the children
• In failing to timely respond to the fight
• In failing to exercise reasonable care
• In failing to intervene and/or prevent the fight
• In failing to adequately staff the bus area with teachers and/or school personnel
• In failing to disrupt and/or deter the fight with the presence of teachers and/or school personnel
• In failing to have teachers on duty at designated duty areas consistent with the teacher duty schedule
• In failing to provide a safe environment on the campus
• I failing to see that which should have been seen
• In allowing the students to continue fighting uninterrupted
• In failure of the appropriate teachers to be on duty at the scheduled time and in accordance with their duty assignments
• In failing to call emergency personnel promptly
• In breaching any and all duties owed to the decedent
• Inadequate supervision
• In allowing substantial harm to befall the decedent
Is* In failing to provide competent supervision
• Failure of teachers and school personnel to be attentive to what was going on in the bus area
• In failure of the school board and school to properly train its teachers, staff, and/or faculty members
• In failure of teachers to adhere to school board policy
• In failure to protect the decedent from injury and death
• Negligent and/or inadequate supervision
• In failure to properly monitor the school campus
• In providing little to absolutely no intervention whatsoever prior to the fight
• In failure to have designated bus safety areas
• In failure to provide the appropriate . degree of supervision under the circumstances
• In failure to have marked bus safety zones
• In failure to have barricades in the bus area
• In failure to adhere to school guidelines
• In failure of teachers to be on duty to possibly break up the fight
The plaintiffs also alleged that the XYZ duty teachers were working in the course and scope of their employment with the Richland Parish School Board.
These allegations fall directly within the limitation of liability to school employees afforded by La. R.S. 17:439. The allegations raised by the plaintiffs concern the actions or omissions by school employees arising within the course and scope of the *1180 school employees’ duties and within the guidelines for school employee behavior. The plaintiffs have not alleged [gthat any actions by these defendants occurred outside of their duties connected with employment with the school board for the care and regulation of the behavior of students.
Accordingly, we affirm the trial court judgment finding that, under La. R.S. 17:439, the plaintiffs have no cause of action against Cathy Stockton, Georgia Inei-chen, Larry Wright, Sr., and XYZ duty teachers, in their individual capacities. Further, we find that the grounds for the objection cannot be removed. Therefore, the claim against these parties in their individual capacities is dismissed. La. C.C.P. art. 934! The plaintiffs’ cause of action in this matter, asserting alleged breaches of duty by these school employees to the decedent, lies with the Richland Parish School Board.
CONCLUSION
For the reasons stated above, we affirm that portion of the trial court judgment finding that the plaintiffs, Nakisha Credit, individually and on behalf of Adrienne Breana Howard, Kaylin Howard, and Kevin Credit, Jr., have no cause of action against Cathy Stockton, Georgia Ineichen, Larry Wright, Sr., and XYZ duty teachers, for allegation that their conduct contributed to the death of Adrienne Breana Howard. The plaintiffs have a cause of action in this regard against the Richland Parish School Board. Costs in this court are assessed to the plaintiffs. The matter is remanded to the trial court for further proceedings.
AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS.

. See Credit v. Richland Parish School Board, 2011-1003 (La.3/13/12), 85 So.3d 669.

. A full recitation of the facts pled in this case is contained in our prior opinion in this matter. See Credit v. Richland Parish School Board, 46,163 (La.App.2d Cir.4/13/11), 61 So.3d 861.

.The plaintiffs voluntarily dismissed their claims against Rayville High School and the Richland Parish Career Center in Archibald, in their individual capacities, without prejudice.

. The supreme court affirmed that portion of our opinion in which we found that the plaintiffs did have a cause of action against Mr. Hesser. We reversed the trial court ruling regarding the cause of action against Samuel Hesser, finding that the clear wording of La. R.S. 17:439(D) provides that an action can be brought directly against Mr. Hesser for his negligence in operating the school bus to the extent his liability is covered by insurance or self-insurance. La. R.S. 17:439(D) provides: "The provisions of this Section shall not apply to the negligence of any school employee operating a motor vehicle, to the extent that liability for such negligence is covered by insurance or self-insurance.” The supreme court found that this court was correct in holding that the plaintiffs have a direct cause of action against Samuel G. Hesser pursuant to La. R.S. 17:439(D), to the extent liability for his alleged negligent actions in operating the motor vehicle is covered by insurance or self-insurance. Therefore, this issue is not before us on remand.