ROBERT A. CHAISSON, Judge.
12Steven Stoll appeals a judgment sustaining an exception of no cause of action in this defamation action against his ex-wife, Judith Marie Stich, and his adopted daughter, Elizabeth Stich. For the following reasons, we amend the portion of the judgment sustaining the exception of prescription, affirm the portion of the judgment sustaining the exception of no cause of action, and remand the matter to the district court for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
In his petition, Mr. Stoll alleges that on July 27, 2009, the defendants knowingly made false statements to members of the Jefferson Parish Sheriffs Office, in which they alleged that he had been raping and molesting Elizabeth Stich since she was nine years old. As a result of these accusations, Mr. Stoll was arrested in January of 2010, and was incarcerated for approximately nine days until he was able to make bail. The petition further states that during Mr. Stoll’s incarceration, Judith Stich repeated these allegations to third persons at Mr. Stoll’s |sbank and church. Additionally, the petition states that on numerous occasions over the two years since the initial accusation, until the conclusion of his criminal trial on June 22, 2011, the defendants continued to repeat their false statements about Mr. Stoll to members of the Jefferson Parish Sheriffs and District *252 Attorney’s offices. Lastly, the petition states that “[t]hese allegations are continuing to be made by the Defendants against the Plaintiff through the present day in the venue of Domestic Court in a custody matter.”[1] Mr. Stoll filed his petition for defamation on June 22, 2012. One of the defendants, Judith Stich, urged exceptions of prescription and no cause of action.[2] The trial court sustained both exceptions, and dismissed the suit with prejudice as to Judith Stich. Mr. Stoll now appeals that judgment.
DISCUSSION

Exception of Prescription

Defamation is a delictual action subject to the liberative prescription of one year. La. C.C. art. 3492. Normally, the exceptor bears the burden of proof at the trial of the peremptory exception of prescription; however, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. Milbert v. Answering Bureau, Inc., 13-022 (La.6/28/13), 120 So.3d 678, 684. Mr. Stoll alleges that the defendants have made numerous defamatory statements against him beginning ' on July 27, 2009, and continuing through the date of the filing of his petition on June 22, 2012. It is evident on the face of the petition that all statements made prior to June 22, 2011, more than one year prior to the filing of his petition, have prescribed. The burden is therefore on Mr. Stoll to show that his cause of action as to those statements has |4not prescribed. During the hearing on Ms. Stich’s exceptions, Mr. Stoll argued for the first time, without citation to any supporting authority, that prescription was suspended or interrupted during the pen-dency of the criminal proceedings against him, in order that he not forfeit his right against self-incrimination. The trial court, apparently rejecting that argument, and further finding that each and every act of repeating the statement is a separate cause of action, sustained the exception of prescription as to the statements made to individuals at Mr. Stoll’s bank and church in January of 2010. We agree that the statements made to the bank and church have prescribed. However, upon our de novo review, we find that all statements made to all individuals, not only bank and church personnel, prior to June 22, 2011, more than one year prior to the filing of suit, have prescribed.[3] We therefore amend the trial court’s judgment sustaining the exception of prescription to include all statements made by the defendants pri- or to June 22, 2011.

Exception of No Cause of Action

In considering the peremptory exception of failure to state a cause of action, the court is confined to the four corners of the petition and no other evidence may be considered. La. C.C.P. arts. 927 and 931; Credit v. Richland Parish School Bd, 11-1003 (La.3/13/12), 85 So.3d 669, 674. Consequently, the court reviews the petition and accepts the well-pleaded allegations of fact as true. Id. Therefore, we must review Mr. Stoll’s petition to determine whether he has sufficiently alleged a cause *253 of action for defamation, or any other cause of action.
In Huxen v. Villasenor, 01-288 (La.App. 5 Cir. 9/25/01), 798 So.2d 209, this court set forth the five essential elements of a defamation action, as follows: 1) defamatory words, 2) publication or communication to a third person, 3) falsity, |54) malice (actual or implied), and 5) resulting injury. Mr. Stoll’s petition states that the defendants have accused him of molesting Elizabeth Stich when she was a minor, which accusations, if true, would constitute the commission of a crime by Mr. Stoll. In Louisiana, accusation of a crime is considered defamatory per se. Huxen, 798 So.2d at 212. Generally, defamation per se creates a presumption of falsity and malice, which the defendant bears the burden of rebutting. Id. Lastly, Mr. Stoll alleges that these accusations were communicated to third persons and that he has been injured as a result. Accepting all of these well-pleaded allegations as true, Mr. Stoll’s petition includes allegations of all five of the essential elements of a defamation action, and he has thus clearly stated a cause of action for defamation. It appears that the trial judge reasoned that because the defendants may have defenses of absolute or qualified privilege, Mr. Stoll has no cause of action for defamation.
Privileged communications are divided into two general classes: (1) absolute or unqualified; and (2) conditional or qualified. Huxen, 798 So.2d at 213. An absolute privilege exists in a limited number of situations, such as certain statements by judges and legislators in their official capacities. Id. Witness immunity, in general, is also an absolute privilege because the privilege protects the witness from civil suit regardless of malice or falsity. Marrogi v. Howard, 01-1106 (La.1/15/02), 805 So.2d 1118, 1125.
A conditional privilege is applicable if the communication is made (a) in good faith, (b) on any subject matter in which the person communicating has an interest or in reference to which he has a duty, (c) to a person having a corresponding interest or duty. Huxen, 798 So.2d at 213. This privilege arises from the social necessity of permitting full and unrestricted communication concerning a matter in which the parties have an interest or duty, without inhibiting [fifree communication in such instances by the fear that the communicating party will be held liable in damages if the good faith communication later turns out to be inaccurate. Id.
We agree with the trial court that in circumstances in which a defendant enjoys an absolute privilege, that no liability can attach to the defendant’s statements, and that the plaintiff has failed to state of cause of action. However, in circumstances in which a defendant enjoys only a qualified privilege, the existence of that privilege does not, on an exception of no cause of action, extinguish an otherwise well-pleaded cause of action for defamation. We therefore must examine the context in which the statements were made, as alleged in Mr. Stoll’s petition, in order to determine if the defendants enjoy an absolute privilege, a qualified privilege, or no privilege at all.
The only remaining allegation in Mr. Stoll’s petition that survives the exception of prescription, is that “[t]hese allegations are continuing to be made by the Defendants against the Plaintiff through the present day in the venue of Domestic Court in a custody matter.” In our opinion, this allegation, as written, indicates statements made by defendants as witnesses in domestic court, for which defendants enjoy an absolute privilege. We therefore find that the trial court was correct to sustain the exception of no cause of action as to these statements. However, to the extent that Mr. Stoll might amend his petition to remove the grounds for the *254 objection, the trial court should have afforded Mr. Stoll an opportunity to amend his petition. La. C.C.P. art. 934. See also, Kent v. Epherson, 03-755 (La.App. 5 Cir. 12/9/03), 864 So.2d 708, 713. We therefore remand the matter to the trial court with instructions .that it afford Mr. Stoll an opportunity to amend his petition to remove the grounds for the objection, if he is able to do so.
^CONCLUSION
We amend the trial court’s judgment sustaining the exception of prescription to include all statements made by the defendants prior to June 22, 2011, and as amended, we affirm. We affirm the trial court’s judgment sustaining the exception of no cause of action, and remand the matter with instructions that the trial court afford Mr. Stoll an opportunity to amend his petition to remove the grounds for the objection, if he is able to do so.
AMENDED, AND AS AMENDED. AFFIRMED; REMANDED WITH INSTRUCTIONS

. These proceedings apparently involve custody and visitation of Mr. Stoll’s and Judith Stich's other daughter, who is still a minor.

. The record does not reflect that Elizabeth Stich filed exceptions or joined in the exceptions filed by Judith Stich. The judgment of the trial court is therefore only applicable to defendant Judith Stich.

.Although Mr. Stoll assigns as error the sustaining of the exception of prescription, he neither briefs that assignment nor repeats his verbal argument made at the hearing of the exception that prescription was somehow suspended or interrupted.