NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-768

MARGO STOUTE

VERSUS

LAFAYETTE PARISH SCHOOL BOARD, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20204435
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of John E. Conery, Van H. Kyzar, and Sharon Darville Wilson, Judges.

AFFIRMED.

Katherine L. Hurst
Attorney at Law
600 Jefferson Street, Suite 555
Lafayette, Louisiana  70501
(337) 233-6930
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Margo Stoute Individually
    Brad Furman Individually
    Margo Stoute On behalf of Lani Furman
    Brad Furman On Behalf of Lani Furman


Danielle N. Thompson
The Thompson Law Firm, LLC
2901 Johnston Street, Suite 301
Lafayette, Louisiana  70503
(337) 534-8761
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Margo Stoute Individually
    Brad Furman Indivudually
    Margo Stoute On Behalf of Lani Furman
    Brad Furman On Behalf of Lani Furman


K. Kyle Celestin
Hammonds, Sills, Adkins, Guice, Noah & Perkins, LLP
2431 South Acadian Thruway, Suite 600
Baton Rouge, Louisiana  70808
(225) 923-3462
COUNSEL FOR DEFENDANTS/APPELLEES:
    Lafayette Parish School System
    Mary Qualey


Rachelle Green
In Proper Person
2321 Mills Street, Lot 47
Lafayette, Louisiana  70507


Quincy Portalis
In Proper Person
100 Richter Street
Lafayette, Louisiana  70501

**CONERY, Judge.**

The trial court granted Defendant Mary Qualey's peremptory exception of no cause of action, seeking to dismiss claims made by Margo Stoute and Brad Furman Individually and on behalf of their minor daughter Lani Furman. Ms. Qualey, as the principal of Carencro High School, was named as a defendant in connection with an incident which occurred in the cafeteria of the school involving Lani Furman and another student. Plaintiffs claimed that Ms. Qualey, an employee of the Lafayette Parish School System (LPSS), was in the course and scope of her employment, and that LPSS was vicariously liable for her negligence. However, the trial court found that Plaintiffs had no cause of action against Ms. Qualey individually for the claims made in their petition and dismissed Plaintiffs' suit against Ms. Qualey, only, with prejudice, based on the qualified immunity from suit provided to school employees pursuant to La.R.S. 17:439(A). For the following reasons, we affirm.

## PROCEDURAL HISTORY AND FACTS

Plaintiffs' petition for damages claims that on September 11, 2019, in the Carencro High School cafeteria, Lani Furman was subjected to repeated blows to her head and face during the lunch period. Miss Furman suffered severe injuries, including a concussion and nasal bone fracture, and was taken by ambulance to the Lafayette General Medical Center. Following the incident, Plaintiffs filed suit against the LPSS, Mary Qualey, and other members of the staff at Carencro High School.

Paragraph twelve of Plaintiffs' petition claims that Ms. Qualey's "negligence and/or legal fault" includes:

a.  Improperly training the teachers and staff at Carencro High School regarding proper techniques and protocols involving the supervision of students;

b.  Failing to implement a proper training program at Carencro High School for crimes of violence;

c.  Failing to provide adequate staffing and supervision to prevent students from carrying out vicious batteries;

d.  Other acts of negligence, intentional tort and/or legal fault to be discovered in this litigation and to be demonstrated at the trial of this matter.

In paragraph 14 of the petition, Plaintiffs assert that:

Mary Qualey and the unknown faculty member on duty at the time of the incident were acting in the course and scope of their employment with the Lafayette Parish School System during the occurrence of the negligent acts referred to above, rendering Lafayette Parish School System vicariously liable under Louisiana Civil Code Article 2320.[1]

Based on Plaintiffs' petition, their claims are based on a theory of negligent supervision. However, in her exception of no cause of action, Ms. Qualey relied on La.R.S. 17:439(A), which was created by the legislature "to provide school teachers and other school employees with personal immunity from tort claims

---

[1] Louisiana Civil Code Article 2320 provides:

Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.

Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.

In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.

The master is answerable for the offenses and *quasi*-offenses committed by his servants, according to the rules which are explained under the title: *Of quasi-contracts, and of offenses and quasi-offenses.*

arising from the performance of their duties, provided they do not act maliciously, willfully, or with deliberate intent to injure the student." *Credit v. Richland Par. Sch. Bd.*, 11-1003, p. 11 (La. 3/13/12), 85 So.3d 669, 677 (footnote omitted).

On April 26, 2021, the trial court granted Ms. Qualey's exception of no cause of action only and dismissed Ms. Qualey with prejudice from the litigation, with each party to bear its own costs. Judgment reflecting the trial court's ruling was signed on May 10, 2021. This timely appeal by Plaintiffs followed.[2]

## ASSIGNMENT OF ERROR

Plaintiffs assert the following single assignment of error on appeal, "The Trial Court committed legal error when it granted the Peremptory Exception of No Cause of Action when the law provides a remedy to plaintiffs."

## LAW AND DISCUSSION

*Standard Of Review – No Cause Of Action*

"The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition." *Fink v. Bryant*, 01-987, p. 3 (La. 11/28/01), 801 So.2d 346, 348. It "is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading." *Id* at 348-49. "The exception is triable on the face of the papers, and ... the court must

---

[2] Plaintiffs initially sought a supervisory writ, which the panel denied and remanded with instructions on September 22, 2021, explaining, in part:

> **WRIT DENIED AND REMANDED WITH INSTRUCTIONS.** The judgment at issue in the instant writ application is appealable under La.Code Civ.P. art. 1915(A)(1) because it dismisses a party from the litigation.

*Stoute v. Lafayette Par. Sch. Sys.*, 21-340 (La.App. 3 Cir. 9/22/21) (an unpublished writ ruling). The panel converted the writ application to an appeal at that time.

presume that all well-pleaded facts in the petition are true" with "[a]ll reasonable inferences [ ] made in favor of the nonmoving party [.]" *City of New Orleans v. Bd. of Dir. of La. State Museum*, 98-1170, p. 9 (La. 3/2/99), 739 So.2d 748, 755.

The burden of proof is on the exceptor. *Id.* The parties may not introduce any evidence in support of or to controvert the exception. La.Code Civ.P. art. 931.[3] "An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief ... or when its allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings." *City of New Orleans*, 739 So.2d at 756.

This court reviews the trial court's denial of an exception of no cause of action using the de novo standard of review because it raises an issue of law. *Cole v. Sabine Bancshares, Inc.*, 17-272 (La.App. 3 Cir. 12/6/17), 258 So.3d 641 (quoting *Hebert v. Shelton*, 08-1275 (La. 6/3/09), 11 So.3d 1197), *writ denied*, 18-19 (La. 2/23/18), 237 So.3d 1188. Mere conclusions of the plaintiff unsupported by facts do not set forth a cause of action. *Montalvo v. Sondes*, 93-2813 (La. 5/23/94), 637 So.2d 127.

*No Cause Of Action Based On Louisiana Revised Statutes 17:439(A)*

Ms. Qualey's peremptory exception of no cause of action is based on La.R.S. 17:439, which provides in pertinent part:

> A. Except as otherwise provided in this Section, no person shall have a cause of action against any school employee based on any statement made or action taken by the school employee provided that the action or statement was within the course and scope of the school employee's duties as defined by the school board in which the school

---

[3] La.Code Civ.P art. 931 states in pertinent part, "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action."

4

employee is employed and was within the specific guidelines for school employee behavior as established by that school board.

**B. As used in this Section, the terms "school employee" means any school employee who has direct contact with students in the course and scope of the school employee's duties as defined by the school board by which the school employee is employed, and includes but is not limited to school-based administrators** . . . .

**C. The immunity from liability established by this Section shall not apply to any action or statement by a school employee that was maliciously, willfully, and deliberately intended to cause bodily harm to a student or to harass or intimidate a student.**

(Emphasis added.)

In the seminal case of *Credit*, 85 So.3d 669, the supreme court reviewed a case where a student was pushed in front of a school bus and died from her injuries. The supreme court determined school personnel were not individually liable and explained the application of La.R.S. 17:439(A) as follows:

> Thus, La.R.S. 17:439(A) has a threefold requirement which must be met before a school employee may successfully assert a peremptory exception of no cause of action. La.R.S. 17:439(A) requires: (1) the cause of action against any school employee must be based on a statement made or action taken by the school employee; (2) the action or statement must be made within the course and scope of the school employee's duties as defined by the school board in which the school employee is employed; and (3) the action or statement must be within the specific guidelines for school employee behavior as established by the school board.

*Id.* at 675-76.

> In conclusion, we find the "statement made or action taken" language in La.R.S. 17:439(A) precludes a cause of action against school employees for both **acts of commission and acts of omission committed, as well as statements made, within the course and scope of their duties as defined by the school board and within the specific guidelines for employee behavior established by that school board.**

*Id.* at 678 (emphasis added).

*Review of Plaintiffs' Petition By The Trial Court*

Based on the holding in *Credit*, the trial court found that the petition filed by

5

Plaintiffs failed to state any facts involving the incident that would not be subject to the individual immunity protections of La.R.S. 17:439(A). Further, Plaintiffs failed to state any facts in their petition to show that Ms. Qualey committed an action or made a statement, "that was maliciously, willfully, and deliberately intended to cause bodily harm to a student or to harass or intimidate a student[,]" as stated in La.R.S. 17:439(C), the exceptions to the protection afforded to school administrators, such as Ms. Qualey pursuant to La.R.S. 17:439(A).

At the hearing, prior to the beginning of counsels' arguments, the trial court cited the provisions of La.R.S. 17:439(C), after which the trial court stated:

> I don't see that. I read all the briefs. I read the facts, in this case. I don't see how you can point to this principal as that. And it's exactly why the legislature attempted to protect teachers and principals from suits by - - This is a fight in the cafeteria that this principal, no matter what she put up, was going to prevent because of this fight. Maybe you can show me there weren't enough people in the cafeteria at the time. But that's not willful, that's not the intent of what the exception to immunity sets forth.

Counsel for Plaintiffs argued in opposition to the exception of no cause of action that the supreme court in *Credit* had reversed the court of appeal "except as to the issue of whether the school employee was acting within the specific guidelines for school employee behavior as established by the school board." Plaintiffs claimed that they had alleged facts in their petition that:

> [T]he school employee was not acting within the specific guidelines of the school board for school employees, by not properly training, by not properly staffing, not implementing a proper training program . . . . We're stating facts under which would establish that specific guidelines of the school board were not followed, and so the immunity does not apply in these situations.

However, counsel failed to indicate to the trial court that on remand to the court of appeal in *Credit v. Richland Par. School Bd.*, 46,163 (La.App. 2 Cir. 5/23/12), 92 So.3d 1175, the appellate court was to determine if the allegations

6

against the defendants in the plaintiffs' petition were covered by La.R.S. 17:439. As instructed by the supreme court, the court of appeal found that:

> These allegations fall directly within the limitation of liability to school employees afforded by La. R.S. 17:439. The allegations raised by the plaintiffs concern the actions or omissions by school employees arising within the course and scope of the school employees' duties and within the guidelines for school employee behavior. The plaintiffs have not alleged that any actions by these defendants occurred outside of their duties connected with employment with the school board for the care and regulation of the behavior of students.

*Id.* at 1179-80.

The court of appeal then affirmed the trial court's judgment, finding that pursuant to La.R.S. 17:439, the plaintiffs had no cause of action against the school employees in their individual capacities. *Id.* The appellate panel further found that "the grounds for the objection cannot be removed." *Id.* at 1180. Therefore, the appellate court dismissed the claim against the school employees in their individual capacities, and found that "[t]he plaintiffs' cause of action in this matter, asserting breaches of duty by these school employees to the decedent, lies with the Richland Parish School Board." *Id.*

Counsel for Ms. Qualey argued to the trial court that Plaintiffs had argued in their opposition to the exception "that there was willful negligence – or excuse me – willful malicious acts, and that can't be considered because we're looking at the petition itself." As previously stated, La.Code Civ.P. art. 931 provides that "[n]o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action."

The trial court then stated, "Okay, I understand. So[,] here's the problem. The exception in C requires that there was maliciously, willfully, and deliberately intended to cause bodily harm. That's what you don't have in your petition, and

7

that's why it's a no cause of action. I'm going to grant the motion at this time."

Counsel for Plaintiffs attempted to object. However, the trial court indicated, "you have to read C with A. C is the exception to A. And so[,] I grant the motion [finding no cause of action] at this time." We agree with his well-reasoned decision.

## CONCLUSION

For the foregoing reasons, we affirm in its entirety the May 10, 2021 judgment of the trial court which granted Defendant-Appellee Mary Qualey's peremptory exception of no cause of action and dismissed all claims against Mary Qualey, only, made by Plaintiffs-Appellants Margo Stoute and Brad Furman, individually and on behalf of their minor daughter, Lani Furman, with prejudice. All costs of this appeal are assessed to the Plaintiffs-Appellants.

**AFFIRMED**.

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3